ROLNICK KRAMER SADIGHI LLP
Lawrence M. Rolnick (*pro hac vice* application pending*)*
lrolnick@rksllp.com
Marc B. Kramer (*pro hac vice* application pending*)*
mkramer@rksllp.com
Michael J. Hampson (*pro hac vice* application pending*)*
mhampson@rksllp.com
Jeffrey A. Ritholtz (*pro hac vice* application pending)
jritholtz@rksllp.com
Frank T.M. Catalina (*pro hac vice* application pending)
fcatalina@rksllp.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 597-2800
Facsimile: (212) 597-2801

ST. JAMES LAW, P.C.
Michael St. James, CSB No. 95653
22 Battery Street, Suite 810
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

*Attorneys for the Movant Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE PG&E CORPORATION SECURITIES LITIGATION | Case No. 5:18-cv-03509-EJD<br><br>**MOVANT PLAINTIFFS' MOTION TO INTERVENE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Hearing Information:**<br>Date:   June 29, 2023<br>Time:   9:00 a.m. (Pacific Time)<br>Place:   Courtroom 4 (5th Floor) |

**PLEASE TAKE NOTICE** that on June 29, 2023, at 9:00 a.m. (Pacific Time) in Courtroom 4, 5th Floor of the United States District Courthouse, located at 280 South 1st Street, San Jose, CA 95113, before the Honorable Judge Edward A. Davila, Movant Plaintiffs (as defined in the below Memorandum of Points and Authorities) will and hereby do move the Court, pursuant to Rule 24 of the Federal Rules of Civil Procedure, for an Order granting their request to intervene as plaintiffs in the action entitled *In re PG&E Corp. Securities Litigation*, No. 5:18-cv-03509-EJD.

Movant Plaintiffs seek to intervene in the above-titled action for the purpose of opposing a motion to be filed by the putative class representative for dissolution of the stay currently pending in the action and/or for preliminary approval of a proposed settlement of the action. Movant Plaintiffs seek to intervene in the action as of right or, in the alternative, by permissive intervention.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, and the arguments of counsel at any hearing on this Motion.


Dated:  February 8, 2023                              ST. JAMES LAW, P.C.


                                                     By:    */s/ Michael St. James*
                                                            Michael St. James

                                                     ROLNICK KRAMER SADIGHI LLP
                                                     Lawrence M. Rolnick (*pro hac vice*
                                                     application pending)
                                                     Marc B. Kramer  (*pro hac vice* application
                                                     pending)
                                                     Michael J. Hampson (*pro hac vice*
                                                     application pending)
                                                     Jeffrey A. Ritholtz (*pro hac* vice application
                                                     pending)
                                                     Frank T.M. Catalina (*pro hac vice*
                                                     application pending)

                                                     *Attorneys for the Movant Plaintiffs*

# TABLE OF CONTENTS

<div align="right"><strong><u>Page</u></strong></div>

INTRODUCTION .................................................................................................................. 1

FACTUAL BACKGROUND ................................................................................................. 3

ARGUMENT ........................................................................................................................ 9

   A.  The Movants are Entitled to Intervention as of Right ............................................. 9

      1.  The Motion is Timely ................................................................................ 10

      2.  The Movants Have Substantial Interests in the Subject Matter of the Action ............. 12

      3.  The Movants' Ability to Protect Their Interests Will Be Impaired .............................. 13

      4.  The Movants' Interests Are Not Adequately Represented by PERA ........................... 15

   B.  In the Alternative, the Movants Are Entitled to Permissive Intervention ......................... 17

CONCLUSION ................................................................................................................... 18

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

<div style="writing-mode: vertical">ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020</div>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **TABLE OF AUTHORITIES**

**Cases**

*Abdurahman v. Alltran Financial, LP*,

   330 F.R.D. 276 (S.D. Cal. 2018) ........................................................................................ 12

*American Rivers v. Wheeler*,

   No. C 20-04636 WHA, 2020 WL 5993229 (N.D. Cal. Oct. 9, 2020) ...................................... 9

*Apple, Inc. v Iancu*,

   No. 5:20-cv-06128-EJD, 2021 WL 411157 (N.D. Cal. Feb. 5, 2021)..................................... 11

*Arena v. Intuit Inc.*,

   No. .19-cv-02546-CRB, 2021 WL 834253 (N.D. Cal. Mar. 5, 2021) ..................................... 16

*Beckman Industries, Inc. v. International Insurance Co.*,

   966 F.2d 470 (9th Cir. 1992) .................................................................................... 17, 18

*Briseno v. Henderson*,

   998 F.3d 1014 (9th Cir. 2021) .......................................................................................... 17

*Citizens for Balanced Use v. Montana Wilderness Association*,

   647 F.3d 893 (9th Cir. 2011) ............................................................................................. 9

*Cohorst v. BRE Properties, Inc.*,

   No. 3:10-CV-2666-JM-BGS, 2011 WL 3489781 (S.D. Cal. July 19, 2011)........................... 13

*Davis v. Wakelee*,

   156 U.S. 680 (1895).......................................................................................................... 11

*Diaz v. Trust Territory of the Pacific Islands*,

   876 F.2d 1401 (9th Cir. 1989) .................................................................................... 10, 13

*Dixon v. Cost Plus*,

   No. 12-CV-02721-LHK, 2012 WL 2499931 (N.D. Cal. June 27, 2012) ............................... 19

*Glass v. UBS Financial Services, Inc.*,

   No. C-06-4068 MMC, 2007 WL 474936 (N.D. Cal. Jan. 17, 2007)...................................... 13

*Gomes v. Eventbrite, Inc.*,

    No. 5:19-cv-02019-EJD, 2020 WL 6381343 (N.D. Cal. Oct. 30, 2020)...................... 12, 14, 15

*Hesse v. Sprint Corp.*,

    598 F.3d 581 (9th Cir. 2010) ................................................................................... 16

*In re Bluetooth Headset Products Liability Litigation*,

    654 F.3d 935 (9th Cir. 2011) ................................................................................... 17

*In re Community Bank of North Virginia*,

    418 F.3d 277 (3d Cir. 2005)..................................................................................... 13

*In re Grupo Unidos Por El Canal S.A.*,

    No. 14-mc-80277-JST (DMR), 2015 WL 1815251 (N.D. Cal. Apr. 21, 2015) ........................ 9

*In re Lendingclub Securities Litigation*,

    282 F. Supp. 3d 1171 (N.D. Cal. 2017) ............................................................... 11, 17

*In re PG&E Corporation, et al.*,

    No. 21-16507 (9th Cir.) ............................................................................................. 8

*In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*,

    MDL No. 2672 CRB (JSC), 2016 WL 4376623 (N.D. Cal. Aug. 17, 2016 ....................... 13

*Low v. Altus Financial S.A.*,

    44 Fed. App'x 282 (9th Cir. 2002) ......................................................................... 10

*Lubocki v. ZipRealty, Inc.*,

    No. CV 07-02959 SJO (JCx), 2009 WL 10670958 (C.D. Cal. Mar. 10, 2009)....................... 12

*Munoz v. PHH Corp.*,

    No. 1:08-cv-0759-AWI-BAM, 2013 WL 3935054 (E.D. Cal. July 29, 2013)............... 9, 12, 16

*New Hampshire v. Maine*,

    532 U.S. 742 (2001)................................................................................................ 11

*Perry v. Schwarzenegger*,

    No. C 09-2292 VRW, 2010 WL 1469749 (N.D. Cal. Aug. 4, 2010) ................................. 17, 18

*Prete v. Bradbury*,

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

438 F.3d 949 (9th Cir. 2006) ............................................................................. 9

*Public Employees Retirement Association of New Mexico v. PG&E Corporation*,

No. 20-cv-01708-HSG, 2021 WL 858418 (N.D. Cal. Mar. 8, 2021) .......................... 5

*S.E.C. v. Navin*,

166 F.R.D. 435 (N.D. Cal. 1995) ..................................................................... 13

*Samsung Electronics Co., Ltd. v. Panasonic Corp.*,

No. 10-cv-03098-JSW, 2016 WL 11781870 (N.D. Cal. Sept. 26, 2016) ................... 10

*Southwest Center for Biological Diversity v. Berg*,

268 F.3d 810, 822 (9th Cir. 2001) .............................................................. 13, 15

*Standard Fire Insurance Co. v. Knowles*,

568 U.S. 588 (2013) ...................................................................................... 10

*Su v. Siemens Indus., Inc.*,

No. 12-cv-03743-JST, 2013 WL 3477202 (N.D. Cal. July 10, 2013) ........................ 18

*Ubaldi v. SLM Corp.*,

No. C-11-01320 EDL, 2014 WL 12639952 (N.D. Cal. June 13, 2014) ....................... 9

*United States v. Carpenter*,

298 F.3d 1122 (9th Cir. 2002) ................................................................... 10, 12

*United States v. City of Los Angeles*,

288 F.3d 391 (9th Cir. 2002) ........................................................................... 9

*United States v. Oregon*,

745 F.2d 550 (9th Cir. 1984) .......................................................................... 11

*Wilderness Society v. U.S. Forest Service*,

630 F.3d 1173 (9th Cir. 2011) .......................................................................... 9

*Winston v. United States*,

No. 14-cv-05417-MEJ, 2015 WL 9474284 (N.D. Cal. Dec. 29, 2015) ...................... 10

**Other Authorities**

5 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 16:7 (4th ed. 2002) ........... 10

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................. 5

Fed. R. Civ. P. 24 ................................................................................................... 9, 13, 17

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

Nearly 700 unnamed members of the putative class ("Putative Class") in the above-captioned action ("Action") who are represented by Rolnick Kramer Sadighi LLP ("Movants" or "Movant Plaintiffs")[1] respectfully submit this Memorandum of Points and Authorities in support of their motion, pursuant to Rule 24 of the Federal Rules of Civil Procedure, to intervene in the Action for the purpose of opposing the announced intention of putative class representative Public Employees Retirement Association of New Mexico ("PERA") to move for (i) dissolution of the Court's order to stay the Action pending resolution of the bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of California titled *In re PG&E Corporation, et al.*, No. 19-30088 ("Bankruptcy" or "Bankr."), and/or (ii) preliminary approval to settle the Action. The Movants respectfully request the opportunity to be heard in the Action on a timely basis when such motion is filed, in order to protect their rights and prevent the prejudice that such motions will have on the ongoing Bankruptcy claims process.

## **INTRODUCTION**

The Movants seek to disrupt a coordinated tactic by PERA, defendants PG&E Corporation and Pacific Gas and Electric Company (together, "PG&E"), and the PG&E director and officer defendants named in the Action (the "Individual Defendants" and, together with PG&E, the "Defendants")[2] to dispose of this Action without the participation of, or consent from, the Movants by performing an end-run around Court-ordered alternative dispute resolution ("ADR") procedures that were insisted upon by PG&E in the Bankruptcy, ordered by the Bankruptcy Court, and which this Court agreed are "in the interest of efficiency." The Bankruptcy Court twice refused PERA's requests to certify a class for the purpose of resolving claims in the Bankruptcy

---

[1] The "Movant Plaintiffs" are listed in Appendix A to this Memorandum of Points and Authorities and referred to as the "RKS Movants" on the docket.

[2] The Individual Defendants are: Anthony Earley, Geisha Williams, Nickolas Stavropoulos, Julie Kane, Christopher Johns, Patrick Hogan, Barbara Rambo, David Thomason, Dinyar Mistry, Lewis Chew, Fred Fowler, Maryellen Herringer, Richard Kelly, Roger Kimmel, Richard Meserve, Forrest Miller, Barry Lawson Williams, Rosendo Parra, Anne Shen Smith, and Eric Mullins.

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

in lieu of the ADR procedures that would compel PG&E to address the plaintiffs' claims on an individual basis, explaining that unlike a class action resolution, the ADR procedures would "assur[e] some claimants will have an opportunity to recover some of their losses quickly and inexpensively." This Court then stayed the Action *sua sponte* to allow the ADR procedures to play out, and to avoid proceeding on "a piecemeal basis." Hundreds (if not thousands) of Putative Class members relied on those court orders, and in good faith retained separate counsel of their choice, filed individual claims against PG&E's estate, and pursued those claims in the Bankruptcy. But rather than engage in good-faith negotiations with those Putative Class members as mandated by the Bankruptcy Court, PG&E now apparently favors a backdoor deal with PERA that will completely upset the ongoing Bankruptcy claims process, impose significant delay, and complicate what would otherwise be a simple, one-track process for resolution of the Bankruptcy claims.

Prejudice and confusion would result from even preliminary approval of a proposed settlement between PERA and the Individual Defendants that would grant a release of all claims against PG&E, including the proofs of claim filed in the Bankruptcy. Such a settlement would render the Bankruptcy claimants' considerable efforts moot and would also necessarily create a two-track resolution process that would be extremely difficult and burdensome to administer, in which hundreds of overlapping claimants in the Bankruptcy and the class action would have to select one of the two settlement vehicles, and give rise to a risk of double recovery. Both this Court and the Bankruptcy Court have found that the ADR procedures are the superior and most efficient method of adjudicating these claims. A motion for preliminary approval of a settlement on a class basis would act as a *de facto* reconsideration motion of both Courts' prior determinations, which should not be permitted and certainly should not serve as a justification for lifting the Court-imposed stay on the Action.

Even if the Court were to consider a motion for preliminary approval, the Court should permit the Movants to submit a timely opposition prior to rendering any decision. A settlement that is the product of this apparent collusion between PERA and the Defendants is not entitled to a presumption of fairness or reasonableness, and the Movants' claims in the Action are substantial,

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

totaling approximately $2.7 billion and accounting for over one quarter of all claims filed in the Bankruptcy against PG&E, representing an interest that is far larger than PERA's in the Action. PERA has no authority to negotiate those claims away, and the proposed settlement will fail many if not all the requirements of Rule 23.

Unnamed Putative Class members such as the Movants are entitled to intervene in this context as a matter of right. The Movants seek to do so now—prior to a motion for preliminary approval—because PG&E has indicated that it is near a Putative Class settlement with PERA. Intervening prior to the filing of a preliminary approval motion will ensure that the Movants can timely oppose any proposed settlement before preliminary approval is granted. Moreover, the Movants seek to prevent PG&E from attempting to up-end the claims resolution process ongoing in the Bankruptcy Court. Only after the Bankruptcy process has run its course, and the individual proofs of claim have been resolved, should the stay be lifted here (precisely what this Court found previously). For similar reasons, even if the Court were to find that the Movants cannot intervene now as a matter of right, the Movants respectfully request that the Court grant them permission to be heard on this matter before considering whether preliminary approval is appropriate.

## FACTUAL BACKGROUND

This Action is a putative class action for securities fraud arising out of no fewer than nineteen knowing and/or reckless misstatements of fact made on behalf of PG&E between 2015 and 2018 by—or with the approval of—the Individual Defendants. ECF No. 121 ("Third Amended Complaint" or "TAC") ¶¶ 1, 52. The misstatements at issue relate to PG&E's (i) vegetation management, (ii) compliance with applicable laws and regulations, (iii) equipment maintenance, and (iv) compliance with internal policies and protocols. TAC at 61-92. These misstatements misled investors to believe that PG&E was appropriately mitigating the risk that its practices and equipment would cause damaging wildfires, when in fact it was not. TAC at 93-94. PG&E's delinquent safety practices and aging equipment were ultimately instrumental in causing a series of deadly wildfires in California, including effectively all of the October 2017 fires known as the "North Bay Fires" and the entirety of the November 2018 fire known as the "Camp Fire."

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

4

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

1
2
3

TAC at 95-96.  Over the course of several years following these fires, PG&E's culpability for the fires, and accordingly the gravity of its false statements, has only become clearer.  *See e.g.*, TAC at 96-117.

4
5
6
7
8
9
10
11
12
13
14

On September 10, 2018 (before the Camp Fire had even occurred), the Court appointed PERA as lead plaintiff in the Action based on PERA's averments of its financial losses related to PG&E stock through mid-2018.  ECF No. 62.  On May 28, 2019, PERA and certain other plaintiffs filed the TAC, which remains the operative complaint in the Action, asserting claims against PG&E and the Individual Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, Rule 10b-5 as promulgated by the SEC, and Sections 11 and 15 of the Securities Act of 1933.  TAC at 1, 5.  The Putative Class is defined in the TAC to include "all persons and entities who, during the period from April 29, 2015 through November 15, 2018, inclusive . . . purchased or otherwise publicly traded PG&E securities and were damaged thereby."  TAC ¶ 11.  Each of the Movants purchased and/or traded PG&E securities during the Putative Class period and is, therefore, a Putative Class member.[3]

15
16
17
18
19
20
21
22
23
24

On January 29, 2019, PG&E commenced Bankruptcy proceedings under Chapter 11 of the United States Bankruptcy Code.  Bankr. Dkt. No. 1.  On December 9, 2019, PERA and others filed a Motion to Apply Bankruptcy Rule 7023 to Class Proofs of Claim, which sought permission to file a proof of claim on behalf of all members of the Putative Class.  Bankr. Dkt. No. 5042 (the "First 7023 Motion") § I.C.2.  In a February 24, 2020 memorandum decision, the Bankruptcy Court found that "granting the [First 7023 Motion] may result in more chaos than certainty," Bankr. Dkt. No. 5887 at 4, and, on February 27, 2020, denied the First 7023 Motion, Bankr. Dkt. No. 5943.  PERA appealed the denial of the First 7023 Motion, but the District Court upheld the Bankruptcy Court's decision, finding that aside from procedural deficiencies with the appeal, the decision was not "manifestly erroneous" such that it would justify granting leave to appeal an

25
26
27
28

---

[3] The Movants also all filed or had filed on their behalf claim forms in the PG&E Bankruptcy, something not every Putative Class member chose to do.

interlocutory order.  *Pub. Employees Ret. Ass'n of N.M. v. PG&E Corp.*, No. 20-cv-01708-HSG, 2021 WL 858418, at *5 n.3 (N.D. Cal. Mar. 8, 2021).

On June 20, 2020, the Bankruptcy Court entered an Order confirming the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020 (as amended and/or modified, the "Bankruptcy Plan").  Bankr. Dkt. Nos. 8048, 8053.  The Bankruptcy Plan designated three classes of subordinated securities claims, two of which were unimpaired and would afford claimants in both classes cash in an amount equal to their claims, and a third (including equity-based claims) which was impaired and would afford claimants shares of common stock in the company emerging from bankruptcy according to a formula based on the dates on which they purchased their shares of PG&E common stock.  Bankr. Dkt. No. 8048 §§ 1.109, 4.12, 4.14, 4.32.

On September 1, 2020, PG&E (as debtors) filed a Motion to Approve Securities ADR and Related Procedures For Resolving Subordinated Securities Claims (the "ADR Procedures Motion").  Bankr. Dkt. No. 8964.  Among other things, the ADR Procedures Motion sought entry of an order that would establish efficient procedures for resolving the subordinated securities claims by requiring claimants to submit information regarding their securities trading to PG&E, which would then exchange settlement offers with the claimants and/or enter into mandatory non-binding mediation with them.  *Id.* at 2.  PG&E represented to the Bankruptcy Court in the ADR Procedures Motion that the "the Securities ADR Procedures are designed to ***facilitate prompt settlements with individual claimants*** as opposed to resolution of these claims on the merits."  *Id.* at 3-4 (emphasis added).  PERA opposed implementation of these procedures as an alternative to a class vehicle, and, on September 28, 2020, *again* sought to introduce a class action procedure to resolve the claims, filing (*again*) a Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class.  Bankr. Dkt. No. 9152 (the "Second 7023 Motion").  PERA argued that a class mechanism was "the only way that final resolution of all claims can be negotiated on a fair and collective basis," and requested to certify a mandatory class under either FRCP 23(b)(1)(A) or 23(b)(1)(B). *Id.* at 2, § II.B.

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

On December 4, 2020, the Bankruptcy Court issued an oral ruling granting the ADR Procedures Motion and denying the Second 7023 Motion.  Bankr. Dkt. No. 9752.  The Bankruptcy Court expressly pointed to the anticipated promptness and efficiency of the proposed ADR procedures in resolving claims as a basis for its decision, noting:

> [T]he acts complained of by some of the securities claimants happened almost five years ago.  The bankruptcy was filed nearly two years ago.  Thus, there are prospective claimants, both large and small, who didn't trade their claims and who have waited a very long time.  The ADR procedures suggested by the reorganized debtors have the appeal of assuring some claimants will have an opportunity to recover some of their losses quickly and inexpensively.

Bankr. Dkt. No. 13164-9 at 6:21-7:4.

On January 25, 2021, the Bankruptcy Court issued an order adopting PG&E's proposed claims and ADR procedures, including "(i) procedures to allow [PG&E] and the Subordinated Securities Claimants to exchange settlement offers, and (ii) procedures for both standard and abbreviated mandatory non-binding mediation of Subordinated Securities Claims …" Bankr. Dkt. No. 10015 at 1.  The procedures dictated that "[f]ollowing the timely return of a Trading Information Request Form" by claimants, PG&E could "(i) make a settlement offer to a Subordinated Securities Claimant; (ii) designate the Subordinated Securities Claim(s) for mandatory mediation; or (iii) both."  Bankr. Dkt. No. 10015-1 at 10.  Securities claims filed by PERA were explicitly excluded from the ADR procedures.  *Id.* at 5.

On April 29, 2021, in deference to the Bankruptcy Court's prior order requiring the implementation of ADR procedures, this Court indicated its intent to stay the Action *sua sponte* pending completion of those procedures.  ECF No. 198.  The Court noted that as of April 9, 2021, "over 7,100 securities claims ha[d] been filed in the Bankruptcy Court, listing claim amounts totaling in the billions of dollars."  *Id.* at 2.  Pointing to PERA's acknowledgment that the Bankruptcy proceeding would "necessarily involve addressing identical issues this Court may be called on to consider, including whether the 19 asserted false and misleading statements made over three-and-a-half years are actionable," as well as all parties' expectations that the Bankruptcy

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

1  proceeding would "affect, among other things, the size and potential damage claims of the putative

2  classes in this action," the Court concluded that staying the case until the completion of the ADR

3  procedures in the Bankruptcy would "promote judicial efficiency and economy, as well as avoid

4  the potential for inconsistent judgments." *Id.*

5     On May 28, 2021, PERA filed an objection to the Court's notice of intent to stay the Action,

6  arguing that the stay should not be imposed because, among other reasons, it would cause undue

7  delay and limit insurance available to compensate the Putative Class.  ECF No. 203.  Both PG&E

8  and the Individual Defendants filed responses *in support* of imposing a stay.  PG&E maintained

9  that failure to impose a stay would violate the "injunction against interference with the

10  [Bankruptcy] Plan, including the claims resolution process," and argued that PERA was attempting

11  to "re-litigate Judge Montali's rulings" denying class treatment of the claims.  ECF No. 206 at 1-

12  2.  PG&E implored the Court not to "revise or in any way interfere with the ADR process approved

13  and supervised by Judge Montali, which sets out three separate mechanisms for the potential

14  settlement of the Claimants' asserted claims without the need for expensive and protracted

15  litigation." *Id.* at 2 (internal quotation marks and citation omitted).  The Individual Defendants

16  similarly supported the stay, stating that "[i]t is consistent with PG&E's interests to settle claims

17  *in the bankruptcy* on terms that release all claims related to that claimant's investments in PG&E,

18  including the purported claims against [the Individual Defendants] in this action," and that

19  preventing PG&E from doing so by forcing the Individual Defendants to litigate in the Action

20  would "merely constrain and interfere with Judge Montali's efforts to effectuate the plan of

21  reorganization of PG&E."  ECF No. 207 at 3-4 (emphasis added).

22     The Court agreed with PG&E and the Individual Defendants, and on September 30, 2022,

23  issued an order staying the entire case pending resolution of the Bankruptcy proceedings "because

24  of the overlap between the bankruptcy proceedings and the instant securities fraud action."  ECF

25  No. 217.  The Court noted that "[a] stay of the entire action is in the interest of efficiency and

26  would avoid proceeding on a piecemeal basis." *Id.* (internal quotation marks and citation omitted).

27

28

On October 25, 2022, PG&E filed a motion in the Bankruptcy Court seeking a 270-day extension to object to claims, including securities claims filed by the Movants. Bankr. Dkt. No 13122 at 1-2. In that motion, PG&E revealed for the first time that the Court-ordered ADR Procedures "w[ere] paused after [PG&E] began discussions regarding a more global resolution of the Securities Claims." *Id.* at 10. Thus, contrary to the position PG&E had taken for years before both this Court and the Bankruptcy Court that the ADR procedures were the appropriate method of claim adjudication over class treatment, PG&E sought an extension "to allow [it] the opportunity to resolve the Securities Claims" "without the need to litigate the claims on an individual-claim basis . . . ." *Id.* at 10-11. The Movants have since learned that the "more global resolution" is an attempted Putative Class settlement of the filed proofs of claim with the disapproved Putative Class representative, PERA. On January 13, 2023, PERA and the Defendants jointly requested that Ninth Circuit place an appeal of the stay in this Action in abeyance for six months on the grounds that the parties "are in the process of negotiating terms of a settlement to resolve the claims underlying th[e] appeal." *In re PG&E Corporation, et al.*, No. 21-16507 (9th Cir. Jan. 13, 2023), Dkt. No. 66.

Certain of the Movants objected to PG&E's extension request in the Bankruptcy, *see, e.g.*, Bankr. Dkt. No. 13163, but withdrew their objections after PG&E agreed to participate in mediation as required by the Bankruptcy Court. That mediation, which took place on January 19, 2023, failed because the Movants believe PG&E did not mediate in good faith. *See* Bankr. Dkt. No. 13493 ¶¶ 6-7. PG&E now appears entirely committed to an abandonment of the ADR procedures (which it originally proposed, and which both this Court and the Bankruptcy Court adopted) in favor of a collusive effort with the Individual Defendants and PERA to reach a Putative Class settlement that has been twice rejected by the Bankruptcy Court and has no legal or judicial support.

The Movants now bring this motion to intervene for the purposes of protecting their rights in the Bankruptcy to complete the ADR procedures ordered by the Bankruptcy Court, and to ensure that no actions will be taken in this Court to undermine the claims process.

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

## ARGUMENT

### A.  The Movants are Entitled to Intervention as of Right

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides that "the [C]ourt *must* permit anyone to intervene" if that person "(1) timely file[d] an application, (2) show[ed] an interest in the action, (3) demonstrate[d] that the interest may be impaired by the disposition of the action, and (4) show[ed] that the interest is not protected adequately by the parties to the action." Fed. R. Civ. P. 24(a) (emphasis added); *In re Grupo Unidos Por El Canal S.A.*, No. 14-mc-80277-JST (DMR), 2015 WL 1815251, at *3 (N.D. Cal. Apr. 21, 2015) (citing *Wilderness Soc. V. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011)).  These requirements "are broadly interpreted in favor of intervention." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (citing *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)).  "A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts" and often serves to "prevent or simplify future litigation involving related issues."  *United States v. City of L.A.*, 288 F.3d 391, 397–98 (9th Cir. 2002); *see also Am. Rivers v. Wheeler*, No. C 20-04636 WHA, 2020 WL 5993229, at *6 (N.D. Cal. Oct. 9, 2020) (the intervention analysis "turns on practical considerations, not technical distinctions." (internal quotation marks and citation omitted)).

"[I]ntervention is the preferred method for an absent class member to join a case as a named plaintiff, even prior to certification."  *Ubaldi v. SLM Corp.*, No. C-11-01320 EDL, 2014 WL 12639952, at *5 (N.D. Cal. June 13, 2014) (citations omitted); *see also Munoz v. PHH Corp.*, No. 1:08-cv-0759-AWI-BAM, 2013 WL 3935054, at *5 (E.D. Cal. July 29, 2013) ("[T]he weight of existing authority indicates a motion to intervene is the proper procedure to follow for a class member who wishes to join a lawsuit as a representative plaintiff." (citations omitted)).  Thus, the Advisory Committee notes to the 1966 amendment to Rule 24 state that where a motion to intervene is timely, a putative class member "should have the right to intervene in a class action if he can show the inadequacy of the representation of his interest by the representative parties before the court."  Fed. R. Civ. P. 24, Advisory Committee Note (1966*); see also Diaz v. Trust*

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

*Territory of the Pacific Islands*, 876 F.2d 1401, 1405 n.1 (9th Cir. 1989).[4]  In the same vein, the Supreme Court has explicitly acknowledged that class members like the Movants "have a right to intervene if their interests are not adequately represented by existing parties."  *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 594 (2013)  (quoting 5 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 16:7 (4th ed. 2002)).

### 1.  The Motion is Timely

The Movants' motion is timely.  The timeliness of a motion to intervene depends upon the consideration of three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for the length of the delay."  *United States v. Carpenter*, 298 F.3d 1122, 1125 (9th Cir. 2002).

*First*, intervention at the present stage of litigation will cause no disruption to the case.  Per the Court's Order, the Action is currently stayed pending resolution of the ADR procedures in the Bankruptcy.  Motions to dismiss are pending, no discovery has been taken, and no trial date has been set.  *See, e.g.*, *Samsung Electronics Co., Ltd. V. Panasonic Corp.*, No. 10-cv-03098-JSW, 2016 WL 11781870, at *3 (N.D. Cal. Sept. 26, 2016) ("[E]arly stage" of litigation favored intervention where motion to dismiss was pending and discovery had not yet commenced); *Winston v. United States*, No. 14-cv-05417-MEJ, 2015 WL 9474284, at *3 (N.D. Cal. Dec. 29, 2015) ("As discovery has yet to commence and no significant substantive rulings have been made, the case remains in the early stage of litigation.  Thus, the proceedings have not advanced to the point where intervention is inappropriate."); *Low v. Altus Fin. S.A.*, 44 Fed. App'x 282, 284 (9th Cir. 2002) (finding intervention timely three years after the complaint was filed because "the

---

[4] *See also* Fed. R. Civ. P. 24, Advisory Committee Note (1966) ("A class member who claims that his 'representative' does not adequately represent [the class member] and is able to establish that proposition with sufficient probability, should not be put to the risk of having a judgment entered in the action which by its terms extends to [him or her], and be obliged to test the validity of the judgment as applied to his interest by a later collateral attack.  Rather [the class member] should, as a general rule, be entitled to intervene in the action.").

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

district court ha[d] made no factual findings, there ha[d] been no summary judgment proceedings, discovery [wa]s in its early stages with no set cut-off date, and there [wa]s no trial date.").

*Second*, intervention will not prejudice any parties.  Quite the opposite, Putative Class members who filed claims in the Bankruptcy will *benefit* from hearing argument from the Movants concerning the advantages of keeping the stay in place and having their claims adjudicated in accordance with the Court-ordered ADR procedures that both the Bankruptcy Court and this Court determined would be most efficient in resolving the securities claims.  *See In re Lendingclub Secs. Litig.*, 282 F. Supp. 3d 1171, 1177-78 (N.D. Cal. 2017) (finding intervention motion timely where "absent class members w[ould] be best served" by hearing argument from intervenor).  The Defendants in the Action previously advocated for imposition of the stay in briefing before this Court and advised the Court not to interfere in the ADR procedures being supervised by Judge Montali, a position which this Court adopted.  The Defendants cannot now take the opposite position.  *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) ("'[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.'" (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)).  And as for PERA, its position would be no different now than had the Movants intervened months or even years ago (which they had no reason to do); in either case, PERA would have had to seek relief from the Court to lift the stay and approve a Putative Class settlement over the objections of the Movants.  As such, PERA cannot establish prejudice "because of the passage of time," which it must do to sustain an objection to intervention on the basis of timeliness.  *Apple, Inc. v Iancu*, No. 5:20-cv-06128-EJD, 2021 WL 411157, at *4 (N.D. Cal. Feb. 5, 2021) (quoting *United States v. Oregon*, 745 F.2d 550, 553 (9th Cir. 1984)).

*Third*, the Movants filed this motion promptly upon discovering that PERA intended to seek approval of a settlement that would adversely affect the Movants' interests.  PG&E first stated publicly that it had secretly abandoned the ADR procedures to negotiate a "global settlement" in

October 2022, and the Movants then mediated with PG&E (as contemplated by the ADR procedures) in an attempt to resolve their claims without having to seek relief in this Court. *Supra* at 8. The Movants filed this motion less than weeks after their attempt to mediate with PG&E failed and it thus became clear that a settlement of this Action would negatively impact their claims. *See United States v. Carpenter*, 298 F.3d at 1125 (holding motion to intervene was timely when filed eighteen months after complaint because "the intervenors acted as soon as they had notice that Proposed settlement was contrary to their interests"); *Lubocki v. ZipRealty, Inc.*, No. CV 07-02959 SJO (JCx), 2009 WL 10670958, at *5 (C.D. Cal. Mar. 10, 2009) (motion to intervene is timely even at a "late stage of the proceeding" where intervenors previously had "no reason to know that their interests might be adversely affected by the outcome of th[e] litigation"). Before that time, the Movants had no reason to intervene because a stay of the Action had been put in place, until October 2022 there was no indication that PG&E had paused the ADR procedures that the Bankruptcy Court had ordered, and until late January 2023 the Movants believed their claims could be resolved expeditiously through good-faith mediation with PG&E. *See Abdurahman v. Alltran Fin., LP*, 330 F.R.D. 276, 280 (S.D. Cal. 2018) (finding case had "not progressed so far as to make intervention burdensome" due in part to "deadline extensions, mediation, and agreement to stay proceedings").

### 2. The Movants Have Substantial Interests in the Subject Matter of the Action

The Movants "possess a significantly protectable interest by virtue of being members of the [putative] class" in the Action. *Gomes v. Eventbrite, Inc.*, No. 5:19-cv-02019-EJD, 2020 WL 6381343, at *3 (N.D. Cal. Oct. 30, 2020) (citation omitted). The TAC defines the Putative Class to include "all persons and entities who, during the period from April 29, 2015 through November 15, 2018, inclusive . . . purchased or otherwise publicly traded PG&E securities and were damaged thereby." TAC ¶ 11. The Movants traded PG&E securities during the Putative Class period and suffered significant damages as a result of the Defendants' securities fraud, and thus they clearly have an interest in the claims that PERA is negotiating to settle with the Defendants. *See Munoz*, 2013 WL 3935054, at *12 ("Ms. Villalon has significant protectable interest at issue. Plaintiffs'

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

FAC alleges claims that span a class period encompassing Ms. Villalon's claims. These claims provide a significant protectable interest relating to the subject of the instant action." (citation omitted)); *see also In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liability Litig.*, MDL No. 2672 CRB (JSC), 2016 WL 4376623, at *3 (N.D. Cal. Aug. 17, 2016) (member of settlement class has a "significant protectable interest" in class action); *Cohorst v. BRE Props., Inc.*, No. 3:10-CV-2666-JM-BGS, 2011 WL 3489781, at *4 (S.D. Cal. July 19, 2011) (finding "no dispute" that class member challenging preliminary approval order had sufficient interest in litigation to intervene).

The Movants' interest in the matter is notably much larger than PERA's, which did not suffer damages nearly as extensive as Movants' damages. The Movants' substantial independent claims—totaling approximately $2.7 billion—have been filed in the Bankruptcy and would plainly be affected by any attempt of PERA and the Defendants to settle this Action.

### 3. The Movants' Ability to Protect Their Interests Will Be Impaired

Intervention is appropriate when disposition of the pending action may "as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a)(2); *S.E.C. v. Navin*, 166 F.R.D. 435, 440 (N.D. Cal. 1995). In evaluating this factor, the Ninth Circuit "follows the guidance of the Rule 24 advisory committee notes that state that "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (quoting Fed R. Civ. P. 24). Absent members of a putative class, "by their very nature," meet this test. *Glass v. UBS Fin. Servs., Inc.*, No. C-06-4068 MMC, 2007 WL 474936, at *3 n.1 (N.D. Cal. Jan. 17, 2007) (citing *Diaz*, 876 F.2d at 1045 n.1); *see also In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 314 (3d Cir. 2005) ("[I]n the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation."). In particular, here, the Movants' interests will be impaired if the Court lifts the stay and approves a class-wide settlement because the Movants will be forced to decide whether to opt out of the class and continue to pursue their claims in the Bankruptcy without

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

knowing whether PG&E will continue to abide by the Court-ordered ADR procedures and, if so, the extent to which such procedures will result in satisfaction of their filed claims.[5]

This Court's recent decision in *Gomes v. Eventbrite* is directly on point.  There, plaintiffs in a securities class action in California state court sought to intervene in a related, federal securities class action to request a continuance of the fairness hearing on a motion for preliminary approval of a settlement in the federal class action that would have released the state claims as well.  *Gomes*, 2020 WL 6381343, at \*1.  The Court stated that the "primary dispute" on the intervention motion related to the impairment prong and was ultimately persuaded by the plaintiffs' argument that their interests would be impaired by approval of the settlement before a demurrer in the state court action could be decided.  *Id.* at \*3.  As the Court explained:

> [I]t is reasonable to await the outcome of the State Court's ruling on any demurrer to the State Court Plaintiffs' second amended complaint so that all class members have more information to evaluate the proposed settlement.  If instead preliminary approval is granted now, notice to the class will be sent without any mention of the State Court Action or the claims and damages being asserted, and class members will likely have to submit a claim, object, or opt-out before the State Court rules on the anticipated demurrers.

*Id.*

It is similarly reasonable for this Court to maintain the stay of this Action and withhold a decision on preliminary approval of any proposed class settlement until the ADR procedures are completed in the Bankruptcy.  By lifting the stay and granting preliminary approval, the Court would facilitate a simultaneous, two-track approach to resolution of these claims that would cause needless confusion and complexity for Putative Class members, which this Court explicitly sought to avoid by ordering the stay in the first place.  ECF No. 217 at 1-2 ("A stay of the entire action . . . would avoid proceeding on a piecemeal basis.").  To that end, the Court should permit Movants to intervene and be heard on this matter before considering any preliminary approval motion.  *See Gomes*, 2020 WL 6381343, at \*4 (allowing intervention prior to preliminary approval to ensure

---

[5] Upon grant of their motion to intervene, the Movants will formally oppose any motion to lift the stay and will provide more fulsome briefing as to why the stay should remain in place.

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

intervenors and other putative class members are "better informed" concerning the proposed settlement).

### 4.  The Movants' Interests Are Not Adequately Represented by PERA

The Movants' interests are not being adequately represented by PERA.  PERA's proposed settlement will undermine the Movants' ability to recover in the Bankruptcy and potentially delay resolution of the Movants' claims for years.  It is therefore in the Movants' best interest to pursue their claims in the Bankruptcy in accordance with the ADR procedures that the Bankruptcy Court believed to be the best means of "assuring some claimants will have an opportunity to recover some of their losses quickly and inexpensively," Bankr. Dkt. No. 13164-9 at 6:21-7:4, and which this Court held would "promote judicial efficiency and economy, as well as avoid the potential for inconsistent judgments," ECF No. 198.  In doing so, the Movants can first exhaust their remedies and collect the maximum amount from PG&E's estate before seeking any additional contribution, if appropriate, from the Individual Defendants in this Action.

"[T]he burden of showing inadequacy is 'minimal,' and the applicant need only show that representation of its interests by existing parties 'may be' inadequate." *Sw. Ctr. for Biological Diversity*, 268 F.3d at 823 (citation omitted); *see also Gomes*, 2020 WL 6381343, at *4.  To determine whether the existing parties would adequately represent the intervenor's interests, courts in this Circuit consider three factors: "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Sw. Ctr. for Biological Diversity*, 268 F.3d at 822.  Each of these factors cuts in favor of intervention here.

PERA's and the Movants' interests are not aligned.  If permitted to intervene, the Movants will argue that the Court should uphold the stay and reject any effort by PERA to certify a settlement class until the ADR procedures conclude—the same position that both PG&E and the Individual Defendants originally (and successfully) argued for in connection with the stay of this Action and the adoption of the ADR procedures in the Bankruptcy Court.  *See* ECF Nos. 206-07;

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

Bankr. Dkt. No. 8964.  PERA, on the other hand, has no interest in enforcing the ADR procedures because its claims are expressly carved out from the process.  Bankr. Dkt. No. 10015-1 at 5.  In fact, PERA has not engaged in the Bankruptcy Proceedings at all since the Bankruptcy Court denied its second attempt to certify a class.  Therefore, PERA cannot be relied upon to "make all the [Movants'] arguments;" on the contrary, it will undoubtedly *oppose* the Movants' arguments, consistent with its objection to this Court's imposition of the stay, ECF No. 203, and seek settlement approval.  *See Munoz*, 2013 WL 3935054, at *13 ("[B]inding these absent Class members to an outcome in which none of the named representatives have a personal stake would be patently unfair."); *Hesse v. Sprint Corp.*, 598 F.3d 581, 589 (9th Cir. 2010) (holding class representation inadequate when group within a larger class possessed claims that were not shared by the class representative).[6]  The Movants are capable and willing to litigate these issues once PERA moves to lift the stay and seeks preliminary approval of a Putative Class settlement.  And because the Movants—by opposing removal of the stay for any proposed settlement—will protect the interests of all Putative Class members who filed claims in the Bankruptcy that are awaiting resolution (not to mention other creditors in the Bankruptcy whose interests are subordinate to those of the securities claimants), the Movants "offer[] a necessary element to the proceedings that other parties would neglect."  *Munoz*, 2013 WL 3935054, at *13; *see also* ECF No. 207 at 3-4 (Individual Defendants stating that lifting the stay would "constrain and interfere with Judge Montali's efforts to effectuate the plan of reorganization of PG&E").

Furthermore, concerns of inadequacy are heightened where there are indications of collusion between the class representative and defendants with respect to a proposed settlement. *See, e.g.*, *Arena v. Intuit Inc.*, No. .19-cv-02546-CRB, 2021 WL 834253, at *6 (N.D. Cal. Mar. 5, 2021) ("Courts have 'long recognized' that class action settlements 'present unique due process concerns for absent class members.'" (quoting *In re Bluetooth Headset Prods. Liability Litig.*, 654

---

[6] The misalignment of interests between PERA and the Movants raises concerns under both the Due Process Clause and Rule 23 that the Movants will elucidate in opposition to a motion for preliminary approval of a settlement should the Court grant their motion to intervene.

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

F.3d 935, 946 (9th Cir. 2011))); *Briseno v. Henderson*, 998 F.3d 1014, 1019 (9th Cir. 2021) (holding that "courts must scrutinize settlement agreements . . . for potentially unfair collusion"). The procedural history here is suggestive of such collusive behavior between PERA and the Defendants that should prompt the Court to give enhanced scrutiny to the adequacy of PERA's representation of the Putative Class.  The combination of (i) PERA's noticeable absence from the recent Bankruptcy proceedings, (ii) PG&E's failure to abide by the ADR procedures followed by its total about-face regarding the most optimal procedure for resolving the securities claims, and (iii) PERA's and the Defendants' joint filing to remove PERA's appeal of the stay in this Action from the Ninth Circuit's calendar points to a concerted effort between the parties to delay resolution of the securities claims and ensure PERA's ability to reach a Class settlement at the expense of the Bankruptcy claims.  While the Court will be unable to assess the fairness of the terms of a proposed settlement until it is filed, the Court should allow the Movants to intervene now to ensure they will ultimately be heard on this matter given these unique concerns.

**B.  In the Alternative, the Movants Are Entitled to Permissive Intervention**

While the Movants vigorously maintain that they have a right to intervene in this action, should this Court not grant the right to intervene under Rule 24(a), the Movants are entitled to permissive intervention under Rule 24(b).  This Rule provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b).  An applicant for permissive intervention typically "need only show that (1) independent grounds for jurisdiction exist; (2) the motion is timely; and (3) the applicant's claim or defense shares a common question of law or fact with the main action."  *In re Lendingclub Secs. Litig.*, 282 F. Supp. 3d at 1177.  However, an independent jurisdictional basis is not required where, as here, "intervenors do not seek to litigate a claim on the merits."  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992).  In addition, "the existence of a 'common question' is liberally construed."  *Perry v. Schwarzenegger*, No. C 09-2292 VRW, 2010 WL 1469749, at *5 (N.D. Cal. Aug. 4, 2010) (citation omitted). "Discretionary factors" that courts may consider for permissive intervention include "the nature

and extent of the applicant's interest, whether the applicant's interests are adequately represented by other parties and whether intervention will prolong or unduly delay the litigation." *Id.* at *6 (citation omitted).

The Movants' claims against the Defendants share at least some common issues of fact and law with those of PERA, as they arise from the same fraudulent statements at issue in the Action. By intervening, the Movants will provide additional protection to the Putative Class by ensuring that the Court can make an informed decision as to the fairness of any proposed class settlement, and that Putative Class members who have filed claims in the Bankruptcy will be better informed regarding the status of those claims prior to making decisions concerning class membership. *See Gomes*, 2020 WL 6381343, at *4. Moreover, as discussed above, *supra* at Section A, the motion is timely, there is no prejudice to any parties, and the Movants have a significant interest in the litigation that is not being adequately represented by putative representative PERA, which has a substantially smaller (and different) interest. The Movants' intervention request comes prior to any motion by PERA for preliminary approval and seeks merely to maintain the *status quo* wherein the Action is stayed pending resolution of the Bankruptcy proceedings. Intervention will therefore cause no undue delay in the litigation, which can only proceed should the Court grant such motions over the Movants' objections in any event.

**<u>CONCLUSION</u>**

For the foregoing reasons, the Movants respectfully request that the Court grant their motion to intervene.[7]

---

[7] The Movants do not attach a pleading to their Motion as typically required by Rule 24(c) due to the procedural posture of this intervention. That is no reason to deny the Motion where the other requirements for intervention are satisfied. *See, e.g.*, *Beckman Indus., Inc.*, 966 F.2d at 474 ("Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion."); *Su v. Siemens Indus., Inc.*, No. 12-cv-03743-JST, 2013 WL 3477202, at *2 (N.D. Cal. July 10, 2013) (permitting intervention without

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

Dated: February 8, 2023                    ST. JAMES LAW, P.C.

By:    /s/ Michael St. James
         Michael St. James

ROLNICK KRAMER SADIGHI LLP
Lawrence M. Rolnick (*pro hac vice*
application pending)
Marc B. Kramer (*pro hac vice* application
pending)
Michael J. Hampson (*pro hac vice*
application pending)
Jeffrey A. Ritholtz (*pro hac* vice application
pending)
Frank T.M. Catalina (*pro hac vice*
application pending)

*Attorneys for the Movant Plaintiffs*

---

pleading where intervenor "described his interest in th[e] case sufficiently to provide notice to the

Court and the parties"); *Dixon v. Cost Plus*, No. 12-CV-02721-LHK, 2012 WL 2499931, at *6

(N.D. Cal. June 27, 2012) (same).

**APPENDIX A**

| Movant Plaintiff Name |
| --- |
| 2013-10 US Corporate Bond Fund, a Series Trust of Global Cayman Investment Trust-CORPPI |
| 683 Capital Partners L.P. |
| Advanced Series Trust: AST Academic Strategies Asset Allocation Portfolio (12/31: |
| Advanced Series Trust: AST Advanced Strategies Portfolio (12/31: |
| Advanced Series Trust: AST AllianceBernstein Core Value Portfolio (12/31: |
| Advanced Series Trust: AST T. Rowe Price Natural Resources Portfolio (12/31: |
| AIG Asset Management |
| Allan Gray Australia Balanced Fund |
| Altair Advisers, LLC |
| Alyeska Master Fund, LP |
| American Balanced Fund |
| American Fund Short-Term Tax-Exempt Bond Fund |
| American Funds Corporate Bond Fund |
| American Funds Global Balanced Fund |
| American Funds Insurance Series -- Asset Allcoation Fund |
| American Funds Insurance Series - Bond Fund |
| American Funds Insurance Series -- Capital Income Builder |
| American Funds Insurance Series -- Global Balanced Fund |
| American Funds Insurance Series -- Global Bond Fund |
| American Funds Strategic Bond Fund |
| American High-Income Municipal Bond Fund |
| Annuity Plan of the Electrical Industry |

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

| Movant Plaintiff Name |
|---|
| Annuity Plan of the Electrical Industry - JIBINT2 |
| Apollon Wealth Management |
| AQR Capital Management |
| Aspiring Ventures LLC dba Brillant Advice |
| Associated Trust Company |
| AST ADVANCED STRAT TROWE PD13 |
| AST AQR LARGE CAP PORTFOLIO |
| AST ASAAP - MORGAN STANLEY |
| AST BLACKROCK LOW DUR BND PORT |
| AST BLRK GLBL STRAT CORE ACTIV |
| AST BLRK GLBL STRAT LARGE CAP |
| AST BLRK/LOOMIS SAYLES BLRK |
| AST BOND PORTFOLIO 2025 |
| AST BOND PORTFOLIO 2026 |
| AST BR GLOBAL THEMATIC EQUITY |
| AST FI PYR QUAN AS ALL-VALUE |
| AST FI PYRAMIS QA (GLB EQUITY) |
| AST FI PYRAMIS QA (LARGE CAP) |
| AST FI PYRAMIS QA (LONG DUR) |
| AST GOLDMAN SACHS GLOBAL INC |
| AST GOLDMAN SACHS LRG CAP VALU |
| AST GOLDMAN SACHS MA PORT-BOND |
| AST GOLDMAN SACHS MA PORT-EQTY |
| AST GOLDMAN SACHS MSP QIS GLB |
| AST HERNDON LRG CAP VALUE |

3

| Movant Plaintiff Name |
|---|
| AST INVEST. GRADE BD PORT |
| AST JENNISON GLOBAL INFRASTR PDMN |
| AST JPM STRAT OPP (MKT NEUTRAL) |
| AST JPM STRAT OPP(CAPITAL PRE) |
| AST JPM STRAT OPP(COMBINED) |
| AST JPM THEMATIC (COMBINED) |
| AST JPM THEMATIC (GLOBAL ALL) |
| AST LORD ABBETT FIXED INC PORT |
| AST MID CAP VALUE - WEDGE |
| AST MORGAN STANLEY MULTI-ASSET |
| AST MULTI-SECTOR FIXED INCOME |
| AST ND PORT-(C.S MCKEE) |
| AST ND PORT-(SGI/RYDEX) |
| AST NEUBERGER BERMAN LONG/SHOR |
| AST PGA PT TRANSITION QMA EQTY |
| AST PRU CORE BOND |
| AST T Rowe Price Asset All CMB |
| AST T.PRICE GROWTH-COMBINED |
| AST T.ROWE PRICE DIVERSIFIED |
| AST WEDGE  CAPITAL MID-CAP VAL |
| AST WELLINGTON MGMNT GL BND PF |
| AST WELLINGTON MGMT HEDGED FD |
| AST WELLINGTON MGMT REAL T.R. |
| Atlantic Union Bank |
| Avalon Capital Management |

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| **Movant Plaintiff Name** |
| --- |
| AXA |
| Axiom Capital Management, Inc. |
| Banco Popular de Puerto Rico |
| Bank of the West |
| Bartlett & Co Wealth Management, LLC |
| Beacon Pointe Advisors, LLC |
| Blue Mountain Credit Alternatives Master Fund L.P. |
| BlueBay Asset Management LLP |
| BlueMountain Foinaven Master Fund L.P |
| BlueMountain Fursan Fund L.P. |
| BlueMountain Guadalupe Peak Fund L.P. |
| BlueMountain Kicking Horse Fund L.P |
| BlueMountain Logan Opportunities Master Fund L.P |
| BOKF, N.A. |
| Boston Financial Management, LLC |
| Brett Forrest |
| BRIDGE BUILDER TRUST |
| Bridgewater Advisors Inc. |
| Busey Bank |
| Cadence Bank |
| Callan Associates Inc. |
| Capital Bank and Trust Company, Private Client Services |
| Capital E Advisors |
| Capital Group Capital Income Builder |
| Capital Group Capital Income Builder (Canada) |

| **Movant Plaintiff Name** |
| --- |
| Capital Group Corporate Bond Fund (LUX) |
| Capital Group Global Absolute Income Grower |
| Capital Group Global Allocation Fund (LUX) |
| Capital Group Global Balanced Fund (Canada) |
| Capital Group Global Bond Fund (LUX) |
| Capital Group Global Corporate Bond Fund (LUX) |
| Capital Group Global Intermediate Bond Fund (LUX) |
| Capital Group Long Duration Credit Trust (US) |
| Capital Group Private Client Services Fund - California Core Municipal Fund |
| Capital Group Private Client Services Funds -- Capital Group California Short-Term Municipal Bond Fund |
| Capital Group Private Client Services Funds -- Capital Group Core Bond Fund |
| Capital Group Private Client Services Funds -- Capital Group Core Municipal Fund |
| Capital Group World Bond Fund (Canada) |
| Capital Income Builder |
| Capital World Bond Fund |
| Carlton Financial LLC |
| Cascade Investment Group, Inc. |
| Central Trust Company |
| Chang Family Trust for Emily Bennett |
| Chang Family Trust for Neil Tang |
| Charles Schwab Investment Management |
| Chevy Chase Trust |
| Citigroup Pension Plan |
| City National Rochdale |

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| **Movant Plaintiff Name** |
|---|
| City of Edgewater Firefighters' Pension Fund |
| City of North Port Firefighters' Pension - Local Option Trust Fund |
| City of Ocoee Municipal General Employees' Retirement Trust Fund |
| City of Plant City Safety Employees' Retirement System |
| City of St. Pete Beach Firefighters' Retirement System |
| City of St. Pete Beach Police Officers' Retirement System |
| Cobb, Robert H. |
| Cobb, Rosemary |
| Coldstream Capital Management, Inc. |
| College Retirement Equities Fund - CREF Bond Market Account |
| College Retirement Equities Fund - CREF Equity Index |
| College Retirement Equities Fund - CREF Global Equities |
| College Retirement Equities Fund - CREF Stock Account |
| Colonial First State Investments Limited |
| Controlled Risk Insurance Company of Vermont |
| Con-way Retirement Master Trust |
| Core Plus Bond Fund of the Prudential Trust Company Institutional Business Trust - Institutional Bus |
| Country Trust Bank |
| Countybank Trust Services |
| CS SEG AST JPM SO MN |
| Dana Investment Advisors, Inc. |
| Deferred Salary Fund of the Electrical Industry - JIBINT |
| Deferred Salary Plan of the Electrical Industry |
| Delbert E Snoberger IRA |

| Movant Plaintiff Name |
|---|
| Dowling & Yahnke, LLC |
| Dryden Arizona Reinsurance Term Company - Tax Liabilities Account-DARTTAX |
| Dryden Index Series Fund: Dryden Stock Index Fund (9/30): |
| Dryden Short-Term Bond Fund, Inc.: Dryden Short-Term Corporate Bond Fund (12/31): |
| Dryden Tax-Managed Funds: Dryden Large Cap Core Equity Fund (10/31): |
| Dumont & Blake Investment Advisors, LLC |
| Electrical Employers Self Insurance Safety Plan |
| Employees Security Fund of the Electrical Products Industries Health & Welfare |
| Empyrean Capital Overseas Fund Ltd |
| Essex Savings Bank |
| Evergreen Capital Management LLC |
| Exencial Wealth Advisors |
| Fairview Capital |
| Fiduciary Trust Company |
| FIOH Global Asset Management & Strategies, LLC |
| First American Bank |
| First Interstate Bank |
| First Midwest Bank |
| First National Trust Co. |
| First Premier Bank |
| First Republic Investment Management |
| First State Superannuation |
| Fondation de Prévoyance Suisse en faveur des fonctionnaires de l' Association du Transport Aérien International (IATA) |

| Movant Plaintiff Name |
| --- |
| Ford U.S. Pension Fund Master Trust |
| Fox Run Management |
| Franklin Street Advisors, Inc. |
| Gelber Group, LLC |
| General Motors Hourly Employees Pension Trust |
| Gibraltar Universal Life Reinsurance Co PLAZ Trust 1-GULREAZTR1 |
| Gibraltar Universal Life Reinsurance Co. AG 48 Trust-GULRETR1 |
| Gibraltar Universal Life Reinsurance Co. RBC Trust-GULRESN |
| Glenmede Fund, Inc. -- High Yield Municipal Portfolio |
| Global Trust Company |
| Green Square Capital Advisors |
| Hallador Investment Advisors Inc. |
| HAP Trading, LLC |
| Haywood Securities Inc. |
| Hexavest ACWI Equity Fund |
| Hexavest US Fund |
| Hexavest World Equity Fund |
| Hilltop Bank |
| Horizon Healthcare of New Jersey, Inc. - HBC2 |
| Horizon Healthcare Services, Inc. - HBC |
| Hutchinson Capital Management |
| IFIT Core Fixed Income Fund of Invesco Fixed Income Trust |
| IFIT Core Fixed Income of Fund of Invesco Fixed Income Trust |
| IGT Invesco A or Better Core Fixed Income Fund of Intermediate Government Trust |
| IGT Invesco Short Term Bond of Institutional Retirement Trust |

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Movant Plaintiff Name |
|---|
| IGT JENN A OR BETTER INTERM FD |
| IGT LOOMIS SAYLES A OR BET CR FI FD |
| IGT LOOMIS SAYLES CR FI FD |
| IGT Voya Intermediate Fund |
| IKYF KY PIMCO PL STRATEGY |
| IMA Wealth Inc. |
| Institutional Long Duration Gov/Credit Conservative Bond Fd of the Prudential Trust Co. Master Commingled Inv. Fd. For Tax Exempt Trusts - PTLGCNQ |
| Intermediate Bond Fund of America |
| International Monetary Fund |
| INTRUST Bank |
| Invesco Active Multi - Sector Credit Fund of Invesco Asset Management limited |
| Invesco Advantage International Fund of AIM International Mutual Funds (Invesco International Mutual Funds) |
| Invesco Advantage Municipal Income Trust II (Delaware Statutory Trust) |
| Invesco Bond Fund (Delaware Statutory Trust) |
| Invesco California Tax-Free Fund of AIM Counselor Series Trust (Invesco Counselor Series Trust) |
| Invesco California Tax-Free Income Fund of AIM Counselor Series Trust (Invesco Counselor Series Trust) |
| Invesco California Value Municipal Income Trust (Delaware Statutory Trust) |
| Invesco Comstock Fund of AIM Sector Funds (Invesco Sector Funds) |
| Invesco Comstock Select Fund of AIM Sector Funds (Invesco Sector Funds) |
| Invesco Conservative Income Fund of Invesco Management Trust |
| Invesco Core Plus Bond Fund of AIM Counselor Series Trust (Invesco Counselor |

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Movant Plaintiff Name |
|---|
| Series Trust) |
| Invesco Core Plus Fixed Income Trust of Institutional Retirement Trust |
| Invesco Corporate Bond of AIM Investment Securities Funds (Invesco Investment Securities Funds) |
| Invesco Energy Infrastructure Mother Fund of Invesco Asset Management Ltd. |
| Invesco Equally Weighted S&P 500 Fund of AIM Counselor Series Trust (Invesco Counselor Series Trust) |
| Invesco Equity & Income Fund of AIM Counselor Series Trust (Invesco Counselor Series Trust) |
| Invesco Global Bond Fund of Invesco Canada Ltd |
| Invesco Global Infrastructure Fund of AIM Investment Funds (Invesco Investment Funds) |
| Invesco Global Investment Grade Credit Fund, Ltd. of Invesco Advisers, Inc. |
| Invesco Growth and Income Fund of AIM Counselor Series Trust (Invesco Counselor Series Trust) |
| Invesco Growth and Income Trust of Institutional Retirement Trust |
| INVESCO GRP TST JENNISON INT FD |
| INVESCO GRP TST PIMCO A CORE FUND |
| INVESCO GRP TST PIMCO CORE BOND FD |
| Invesco High Yield Municipal Fund of AIM Tax-Exempt Funds (Invesco Tax-Exempt Funds) |
| Invesco Intermediate Bond Factor Fund of AIM Investment Securities Funds (Invesco Investment Securities Funds) |
| Invesco Intermediate Bond Trust of Institutional Retirement Trust |
| Invesco Intermediate Term Municipal Income Fund of AIM Tax-Exempt Funds |

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

| **Movant Plaintiff Name** |
|---|
| (Invesco Tax-Exempt Funds) |
| Invesco Limited Term Municipal Income Fund of AIM Tax-Exempt Funds (Invesco Tax-Exempt Funds) |
| Invesco Liquid Assets Portfolio of Short-Term Investments Trust |
| Invesco Low Volatility Equity Yield of AIM Counselor Series Trust (Invesco Counselor Series Trust) |
| Invesco Multi-Asset Income Fund of AIM Investment Funds (Invesco Investment Funds) |
| Invesco Municipal Income Fund of AIM Tax-Exempt Funds (Invesco Tax-Exempt Funds) |
| Invesco Municipal Income Opportunities Trust (Delaware Statutory Trust) |
| Invesco Municipal Opportunity Trust (Delaware Statutory Trust) |
| Invesco Municipal Trust (Delaware Statutory Trust) |
| Invesco Oppenheimer Capital Appreciation Fund of AIM Counselor Series Trust (Invesco Counselor Series Trust) |
| Invesco Oppenheimer Capital Income Fund of AIM Investment Funds (Invesco Investment Funds) |
| Invesco Oppenheimer Fundamental Alternatives Fund of AIM Investment Funds (Invesco Investment Funds) |
| Invesco Oppenheimer Global Allocation Fund of AIM Investment Funds (Invesco Investment Funds) |
| Invesco Oppenheimer Global Infrastructure Fund of AIM Investment Funds (Invesco Investment Funds) |
| Invesco Oppenheimer Global Multi-Asset Income Fund of AIM Investment Funds (Invesco Investment Funds |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

| **Movant Plaintiff Name** |
|---|
| Invesco Oppenheimer Global Strategic Income Fund of AIM Investment Funds (Invesco Investment Funds) |
| Invesco Oppenheimer Limited-Term Bond Fund of AIM Investment Securities Funds (Invesco Investment Securities Funds) |
| Invesco Oppenheimer Main Street All Cap Fund of AIM Equity Funds (Invesco Equity Funds) |
| Invesco Oppenheimer Main Street Fund of AIM Equity Funds (Invesco Equity Funds) |
| Invesco Oppenheimer Main Street Mid Cap Fund of AIM Growth Series (Invesco Growth Series) |
| Invesco Oppenheimer Rising Dividends Fund of AIM Equity Funds (Invesco Equity Funds) |
| Invesco Oppenheimer Rochester Limited Term California Municipal Fund of AIM Tax-Exempt Funds (Invesco Tax-Exempt Funds) |
| Invesco Oppenheimer Total Return Bond Fund of AIM Investment Funds (Invesco Investment Funds) |
| Invesco Oppenheimer Total Return Bond Fund of AIM Investments Funds ( Invesco Investment Funds) |
| Invesco Oppenheimer V.I. Conservative Balanced Fund of AIM Variable Insurance Funds (Invesco Variable Insurance Funds) |
| Invesco Oppenheimer V.I. Global Strategic Income Fund of AIM Variable Insurance Funds (Invesco Variable Insurance Funds) |
| Invesco Oppenheimer V.I. Main Street Fund of AIM Variable Insurance Funds (Invesco Variable Insurance Funds) |
| Invesco Oppenheimer V.I. Total Return Bond Fund of AIM Variable Insurance Funds (Invesco Variable Insurance Funds) |

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

| Movant Plaintiff Name |
|---|
| Invesco Opprnheimer V.I. Capital Appreciation Fund of AIM Variable Insurance Funds (Invesco Variable Insurance Funds) |
| Invesco Pooled North America Fund of Invesco Asset Management Ltd. |
| Invesco Premier Portfolio of AIM Treasurer's Series Trust (Invesco Treasurer's Series Trust) |
| Invesco Premier Tax-Exempt Portfolio of AIM Treasurer's Series Trust (Invesco Treasurer's Series Trust) |
| Invesco Quality Municipal Income Trust (Delaware Statutory Trust) |
| Invesco S&P 500 Index Fund of AIM Counselor Series Trust (Invesco Counselor Series Trust) |
| Invesco Short Duration High Yield Municipal Fund of AIM Counselor Series Trust (Invesco Counselor Series Trust) |
| Invesco Tax-Free Cash Reserve Portfolio of Short-Term Investments Trust |
| Invesco Tax-Free Cash Reserve Portfolio of Short-Term Investments Trust (Delaware Statutory Trust) |
| Invesco Trust for Investment Grade Municipals (Delaware Statutory Trust) |
| Invesco U.S. Managed Volatility Fund of AIM Investment Funds (Invesco Investment Funds) |
| Invesco U.S. Quantitative Core Trust of Institutional Retirement Trust |
| Invesco US Enhanced Index Fund of Invesco Asset Management Ltd |
| Invesco US Equity Flexible Fund of Invesco Asset Management LTD |
| Invesco US Structured Equity Fund of Invesco Asset Management Ltd. |
| Invesco V.I. Comstock Fund of AIM Variable Insurance Funds (Invesco Variable Insurance Funds) |
| Invesco V.I. Core Plus Bond Fund of AIM Variable Insurance Funds (Invesco Variable Insurance Funds) |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

| **Movant Plaintiff Name** |
|---|
| Invesco V.I. Equally-Weighted S&P 500 Fund of AIM Insurance Funds (Invesco Variable Insurance Funds) |
| Invesco V.I. Equity & Income Fund of AIM Variable Insurance Funds (Invesco Variable Insurance Funds) |
| Invesco V.I. Growth & Income Fund of AIM Variable Insurance Funds (Invesco Variable Insurance Funds) |
| Invesco V.I. Managed Volatility Fund of AIM Variable Insurance Funds (Invesco Variable Insurance Funds) |
| Invesco V.I. S&P 500 Index Fund of AIM Variable Insurance Funds (Invesco Variable Insurance Funds) |
| Invesco Value Municipal Income Trust (Delaware Statutory Trust) |
| Janus Capital Management LLC |
| Jennison 20/20 Focus Fund (1/31): |
| Jennison Blend Fund, Inc. (8/31): |
| JennisonDryden Opportunity Funds: Dryden Strategic Value Fund (2/28): |
| JennisonDryden Portfolios, Inc.: Jennison Value Fund (8/31): |
| JennisonDryden Sector Funds, Inc.: Jennison Utility Fund (11/30): |
| JNL/Capital Guardian Global Balanced Fund |
| JZ Partners |
| Kingfishers L.P. |
| Kingstown Partners II L.P. |
| Kingstown Partners Master Ltd. |
| Knightsbridge Asset Management, LLC |
| KOKUWORLDX |
| Kraft Heinz Company Retiree Health & Welfare Benefits Trust III |
| Lake Avenue Funding EC VII LLC |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

| **Movant Plaintiff Name** |
| --- |
| Lake Avenue Funding EC XI LLC |
| Lake Street Advisors Group, LLC |
| Legal Services Plan of the Electrical Industry |
| Leisure Capital Management, Inc. |
| Lighthouse Investment Partners, LLC |
| Limited Term Tax-Exempt Bond Fund of America |
| Lockheed Martin |
| Lodestar Private Asset Management |
| Lucent Technologies Inc. Master Pension Trust- PORTL |
| Marathon Trading Fund LP |
| Massachusetts S&P 500 Pooled Index Fund |
| McGowanGroup Asset Management, Inc. |
| Mechanics Bank |
| Mediolanum International Funds Limited |
| Metropolitan Life Insurance Company |
| Miami Shores Police Officers' Retirement System |
| Miami Shores Village General Employees Pension Fund |
| MidAmerica National Bank |
| Millennium Management LLC |
| Moneta Group |
| Montana Board of Investments |
| Narus Financial Partners |
| National Securities Corporation |
| New South Wales Treasury Corp |
| Northern Trust Fiduciary Services (Guernsey) Limited as Trustee of the Saudi |

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

| **Movant Plaintiff Name** |
|---|
| Aramco Severance, Retiree Medical and Retirement Benefits Fund Trust |
| Northwestern Mutual Investment Management Company |
| Nuveen Core Equity Alpha Fund |
| Nuveen Equity Market Neutral Fund |
| Nuveen Global Infrastructure Fund |
| Nuveen Global Infrastructure Fund, a sub-fund of Nuveen Global Investors Fund PLC, established under UCITS |
| Nuveen Large Cap Value Fund |
| Nuveen Santa Barbara Dividend Growth Fund (fka Nuveen Large Cap Core Fund) |
| Nuveen/SEI Trust Company Investment Trust – Nuveen Global Infrastructure Fund |
| Ohio School Employees Retirement System |
| Old National Bank |
| OnePath Funds Management Limited |
| Orbis Capital Limited |
| Orbis Global Balanced Fund (Australia Registered) |
| Orbis Global Equity Fund (Australia Registered) |
| Orbis Global Equity Fund LE (Australia Registered) |
| Orbis Global Equity Fund Limited |
| Orbis Institutional Global Equity (OFO) Fund |
| Orbis Institutional Global Equity Fund |
| Orbis Institutional Global Equity L.P. |
| Orbis Institutional U.S. Equity L.P. |
| Orbis OEIC Global Balanced Fund |
| Orbis OEIC Global Equity Fund |
| Orbis Optimal Global Fund LP |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

| Movant Plaintiff Name |
|---|
| Orbis Optimal SA Fund Limited |
| Orbis SICAV Global Balanced Fund |
| Orbis SICAV Global Equity Fund |
| Osborne Partners Capital Management, LLC |
| P EMP Ltd |
| Palm Tran, Inc. / Amalgamated Transit Union Local 1577 Pension Fund |
| Paragon Capital Management |
| Parallel Advisors, LLC |
| Patton Fund Management, Inc. |
| Pekin Hardy Strauss, Inc. |
| PGIM BALANCED BOND |
| PGIM Core Conservative Bond Fund |
| PGIM CORE SHORT-TERM BOND |
| PGIM Corporate Bond Fund |
| PGIM Funds Plc - PGIM Global Corporate Bond Fund - UGBLESG |
| PGIM Funds Plc - PGIM Intermediate Duration US Corporate Bond Fund - UCINTESG |
| PGIM Funds Plc - PGIM US Corporate Bond Fund - UCORPESG |
| PGIM Global Absolute Return Bond Fund |
| PGIM Global Core Bond Fund Ex-Japan, a sub-trust of PGIM Cayman Unit Trust-CYTGCORE |
| PGIM GLOBAL TOTAL RETURN |
| PGIM Japan Co., Ltd - PR US Investment Grade Corporate Bond Mother Fund-CORPPIM |
| PGIM Jennison Equity Income Fund |
| PGIM Jennison Global Infrastructure Fund |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Movant Plaintiff Name |
|---|
| PGIM Jennison Rising Dividend Fund |
| PGIM QMA Defensive Equity Fund |
| PGIM QMA Strategic Alpha Large-Cap Core ETF |
| PGIM QMA US Broad Market Index Fund |
| PGIM Qualifying Investor Funds plc - PGIM QIF Global Corporate Bond Fund - QIFGBLCORP |
| PGIM Qualifying Investor Funds plc -PGIM QIF US Corporate Bond Fund - QIFCORP |
| PGIM TIPS Fund |
| PGIM TOTAL RETURN BOND |
| PGIM ULTRA SHORT BOND |
| PGIM US Real Estate Fund |
| PHYLLIS S PRANGE TRUST |
| Plante Moran Financial Advisors |
| PLICQCLCSP5 |
| POC for Gibraltar Universal Life Reinsurance Co. Custody (Investment)-GULRE |
| Point72 Asset Management |
| PRDX500 |
| PRIDEXW5 |
| PRIFORMR1V |
| Private Capital Management |
| ProShares Trust |
| PRU Credit Income Fund 2017, a Series Trust of Multi Manager Global Investment Trust-CORPMATPB7 |
| PRU Gibraltar Financial Insurance Company-PGFFC1 |

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

| Movant Plaintiff Name |
|---|
| PRU INCOME BUILDER JEN EQ INC PDKD |
| Pruco Life Insurance Company of New Jersey - PLNJ |
| PRUDENTIA -Lebensversicherungs-AG |
| Prudential Arizona Reinsurance Captive Company - PLAZ Trust 1-PLAZTR1 |
| Prudential Arizona Reinsurance Captive Company - PLNJ Reg 114 Trust 1-PLNJTR1 |
| Prudential Arizona Reinsurance Captive Company- Custody-PARCC |
| Prudential Arizona Reinsurance Term Company- PAR Term Ind Life Custody Inv Seg-PARTCUST |
| Prudential Arizona Reinsurance Term Company- PART Ind Life PLNJ Trust-Fixed Income-PARTNJ1 |
| Prudential Arizona Reinsurance Universal Company - PARU HarfordLife & Annuity Comfort Trust - HARTPARUA |
| Prudential Arizona Reinsurance Universal Company - PLNJ Trust 1-PARUNJTR1 |
| Prudential Arizona Reinsurance Universal Company -Non-Trust-Hrt Life-Inv Seg-HARTPARFDG |
| Prudential Arizona Reinsurance Universal Company -PAR U Hartford Life Insurance Comfort Trust - HARTPARUL |
| Prudential Arizona Reinsurance Universal Company-PARU |
| Prudential Day One 2035 Fund |
| Prudential Day One 2045 Fund |
| Prudential Financial Inc. - Hirikata LLC - HIRAKATA |
| Prudential Investment Management Japan Co., Ltd. - US Investment Grade Corporate Bond Fund 2016-CORPPI2 |
| Prudential Legacy Insurance Company of New Jersey-PLIC Securities Lending |

| Movant Plaintiff Name |
|---|
| Portfolio-PIACLCB |
| Prudential Legacy Insurance Company of NJ - Core Public Bonds-PLIC |
| Prudential Legacy Insurance Company of NJ - General Account Global Corporate Portfolio - WWCORP |
| Prudential Life Insurance Company of Taiwan Inc. - Pru Taiwan TW GA-POTTWGA |
| Prudential LIfe Insurance Company of Taiwan Inc. - Pru Taiwan USD GA-POTUSGA |
| Prudential Life Insurance Company of Taiwan Inc. - Pru Taiwan USD IS-POTUSBY |
| Prudential Long Duration Credit Fund of the Prudential Trust Company Collective Trust-PTLCRED |
| Prudential Merged Retirement Plan - Long Duration Account-PPTRAD |
| Prudential Retirement Insurance & Annuity Company-Corporate-PRIACCORP |
| Prudential Retirement Insurance & Annuity Company-Defined Benefits Non Trust-PRIACDBNT |
| Prudential Retirement Insurance & Annuity Company-MMIP-Non Trust-PRIACMMNT |
| Prudential Retirement Insurance and Annuity Company - New York Carpenters - SACAR |
| Prudential Retirement Insurance and Annuity Company- Def Contributions - Non Trust A-PRIACDCNT |
| Prudential Term Reinsurance Company - Custody - TERMCUST |
| Prudential Term Reinsurance Company - Economic Reserves Portfolio - TERMPLNJ1 |
| Prudential Term Reinsurance Company - PLNJ Trust - TERMPLNJ |

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

| **Movant Plaintiff Name** |
|---|
| Prudential Trust Company - Institutional Business Trust Core Conservative Bond Fund - IBTCC |
| Prudential Trust Company - Prudential Core Intermediate Bond Fund of the Collective Trust-PTINT |
| Prudential Trust Company Collective Trust - Prudential Core Plus Bond Fund-PTCRPLUS |
| Prudential Trust Company Collective Trust - Prudential U.S. Corporate Bond Fund-PTCORP |
| Prudential Trust Company Collective Trust- Prudential Core Conservative Intermediate Bond Fund-PTICC |
| Prudential Trust Company Collective Trust- Prudential Long Duration Government/Credit Bond Fund -PTLGOVC |
| Prudential Trust Company Collective Trust- Prudential U.S. Long Duration Corporate Bond Fund - PTLON |
| Prudential Trust Company Collective Trust-Pru Core Conservative Intermediate(Vanguard) Bond Fund-FLAGSHIP |
| Prudential Trust Company Collective Trust-Prudential Core Bond Fund - INSTCFI |
| Prudential Trust Company Collective Trust-Prudential U.S. Long Duration Corporate Bond (JPM) Fund-PT |
| Prudential Trust Company CollectiveTrust- Prudential Core Conservative Bond Fund - INSTEI |
| Prudential Trust Company -Institutional Business Trust-Long Duration Government/Credit Conservative Bond Fund - IBTGCC |
| Prudential Trust Company Institutional Business Trust-PGIM Core Bond Fund - IBTCORE |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

| Movant Plaintiff Name |
|---|
| Prudential Trust Company Master Commingled Investment Fund for Tax Exempt Trusts, Institutional Core Bond Fund - INUSCNQ |
| Prudential Universal Reinsurance Company - Captive Trust Portfolio 1 - PURCTR1 |
| Prudential Universal Reinsurance Company - Captive Trust Portfolio 2 - PURCSN |
| Prudential Universal Reinsurance Company - Inv Seg Indiviual Life - PURC |
| Prudential Universal Reinsurance Company- Prudential Term Reinsurance Company - Captive Trust Portfolio |
| PS DIV BOND PORT |
| PSF EQUITY PORT JENNISON PDQ1 |
| PTNQSP500 |
| QSuper |
| Quinn Opportunity Partners |
| Ramon L Prange IRA |
| Raymond James Trust NA |
| Raytheon Benefit Trusts |
| RhumbLine Equal Weighted Large Cap Trust |
| RhumbLine Russell 1000 Pooled Index Trust |
| RhumbLine Russell 1000 Value Index Pooled Trust |
| RhumbLine S&P Index Pooled Trust |
| RI HIGHER EDU SVGS TST 529 VOYA INT |
| RMB Capital |
| Robert Lewis Allbritton 1996 Trust |
| Roche U.S. Retirement Plans Master Trust |
| Sacramento County Employees Retirement System |
| Sageworth Trust Company |

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

| **Movant Plaintiff Name** |
| --- |
| Samsung Long Term US Bond Securities Master Investment Trust [Bond] - Liability Focused Portfolio |
| Samsung Short to Intermediate Term US Bond Securities Master Investment Trust [Bond] Moderate Absolute Risk |
| San Diego County Employees Retirement Association |
| Sandy Spring Bank |
| SAS Trustee Corp Pooled Fund - Defined Contributions |
| SAS Trustee Corp Pooled Fund- Definded Benefits |
| SBLI USA Mutual Life Insurance Company |
| SCA BNP PLEDGEE AST ASAA JPM MKT NEUTRL |
| Schonfeld Strategic Advisors |
| Security Federal Savings Bank |
| Serengeti Asset Management |
| Sheaff Brock Investment Advisors, LLC |
| Silvercrest Asset Management Group LLC |
| Simmons Bank |
| Singer, Susan |
| SouthPoint Capital |
| SPC Financial, Inc. |
| STANLIB Multi-Manager Global Fund |
| State Street Global Advisors |
| Stifel Trust Company, N.A. |
| SunAmerica Asset Management |
| Teachers Insurance and Annuity Association of America |
| Teachers Retirement System of the State of IL |
| Team Hewins |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| **Movant Plaintiff Name** |
| --- |
| Tellone Management Group |
| The Bond Fund of America |
| The Gibraltar Life Insurance Company, Ltd. - USD Annuity AFS4-GIBAFS4 |
| The Gibraltar Life Insurance Company, Ltd. - USD Insurance AFS-GIBAFS1 |
| The Gibraltar Life Insurance Company, Ltd. - USD Insurance HFR-GIBHFR1 |
| The Gibraltar Life Insurance Company, Ltd. US Annuity- HFR4-GIBHFR4 |
| The Glenmede Trust Company, N.A. |
| The Glenview Trust Company |
| The Government of State of Kuwait Acting Through Kuwait Investment Authority - GSQ Global Agg |
| The Hialeah Police Pension Fund |
| The Huntington National Bank |
| The Income Fund of America |
| The Private Trust Company, N.A. |
| The Prudential Insurance Company of America - General Pension Segment A-GPSA |
| The Prudential Insurance Company of America - Group Alliance Core Public Bonds-GRPALL |
| The Prudential Insurance Company of America - Guaranteed Separate Account MMIP Fund-GSAGEN |
| The Prudential Insurance Company of America - Hartford Life & Annuity Comfort Trust-HARTANN |
| The Prudential Insurance Company of America - Individual Life Long Term Core Public Bonds - ILLONG |
| The Prudential Insurance Company of America - International Paper PICA Single Client Buy-Out SAGAR |

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

| **Movant Plaintiff Name** |
| --- |
| The Prudential Insurance Company of America - International Reinsurance Gibraltar - IREGIB |
| The Prudential Insurance Company of America - JC Penny Buy Out - Public Bonds - JCPSA |
| The Prudential Insurance Company of America - Lending General Collateral Financial Services Business |
| The Prudential Insurance Company of America - Long Duration Government/Credit Bond Account - TOLILGC |
| The Prudential Insurance Company of America - PICA/POJ IRELP Trust - IRELPTR |
| The Prudential Insurance Company of America - Portfolio Protected Product Group Annuity-PPBO |
| The Prudential Insurance Company of America- Congo PICA Single Client Buy-Out SA-GAR PRD-CONGA |
| The Prudential Insurance Company of America- Core Investment Grade Credit Bond Fund - TOLICRED |
| The Prudential Insurance Company of America- Hartford PICA Single Client Buy-Out SA-GAR PRD - HIGSA |
| The Prudential Insurance Company of America- Long Duration Corporate Bond Account- TOLILDC |
| The Prudential Insurance Company of America on behalf of VCA-GA-8217-SBA - SBA8217 |
| The Prudential Insurance Company of America on behalf of VCA-GI-3-20 (TOLI 20) - TOLI20 |
| The Prudential Insurance Company of America on behalf Variable Contract Account GA-8217-EBIA-WEBIA |
| The Prudential Insurance Company of America- Strategic Bond Account - SBA |

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

| Movant Plaintiff Name |
|---|
| The Prudential Insurance Company of America- TOLI Protective Life Fixed Income Bond Fund - TOLIPRLF |
| The Prudential Insurance Company of America- WCT 82/84 ANNUITY ACCOUNT - WCT8284 |
| The Prudential Insurance Company of America- Westrock PICA Single Client Buy-Out SA-GAR PRD -WRKSA |
| The Prudential Investment Portfolios, Inc.: Jennison Equity Opportunity Fund (9/30) |
| The Prudential Life Insurance Company, Ltd - GA USD BOND AFS (OFU1) - JPOJUAFS1 |
| The Prudential Merged Retirement Plan - Pru Plan Asset Liability Portfolio-PPALP |
| The Prudential Merged Retirement Plan - Pruplan Asset & Liability Portfolio 2-PPALP2 |
| The Prudential Series Fund: Conservative Balanced Portfolio (12/31) |
| The Prudential Series Fund: Global Portfolio (12/31): |
| The Prudential Series Fund: Jennison 20/20 Focus Portfolio (12/31): |
| The Prudential Series Fund: Stock Index Portfolio (12/31): |
| The Prudential Series Fund: Value Portfolio (12/31): |
| The Tax-Exempt Bond Fund of America |
| The Tax-Exempt Fund of California |
| The Weld Trust |
| Thrivent Financial Defined Benefit Plan Trust |
| Thrivent Financial for Lutherans |
| Thrivent Financial for Lutherans Foundation |
| Thrivent Mutual Funds - Thrivent Aggressive Allocation Fund |
| Thrivent Mutual Funds - Thrivent Balanced Income Plus Fund |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Movant Plaintiff Name |
| --- |
| Thrivent Mutual Funds - Thrivent Diversified Income Plus Fund |
| Thrivent Mutual Funds - Thrivent Global Stock Fund |
| Thrivent Mutual Funds - Thrivent Growth & Income Plus Fund |
| Thrivent Mutual Funds - Thrivent Income Fund |
| Thrivent Mutual Funds - Thrivent Large Cap Value Fund |
| Thrivent Mutual Funds - Thrivent Mid Cap Stock Fund |
| Thrivent Mutual Funds - Thrivent Moderate Allocation Fund |
| Thrivent Mutual Funds - Thrivent Moderately Aggressive Allocation Fund |
| Thrivent Mutual Funds - Thrivent Moderately Conservative Allocation Fund |
| Thrivent Series Fund, Inc. - Thrivent Aggressive Allocation Portfolio |
| Thrivent Series Fund, Inc. - Thrivent Balanced Income Plus Portfolio |
| Thrivent Series Fund, Inc. - Thrivent Diversified Income Plus Portfolio |
| Thrivent Series Fund, Inc. - Thrivent Global Stock Portfolio |
| Thrivent Series Fund, Inc. - Thrivent Growth & Income Plus Portfolio |
| Thrivent Series Fund, Inc. - Thrivent Income Portfolio |
| Thrivent Series Fund, Inc. - Thrivent Large Cap Index Portfolio |
| Thrivent Series Fund, Inc. - Thrivent Large Cap Value Portfolio |
| Thrivent Series Fund, Inc. - Thrivent Mid Cap Stock Portfolio |
| Thrivent Series Fund, Inc. - Thrivent Moderate Allocation Portfolio |
| Thrivent Series Fund, Inc. - Thrivent Moderately Aggressive Allocation Portfolio |
| Thrivent Series Fund, Inc. - Thrivent Moderately Conservative Allocation Portfolio |
| TIAA-CREF Funds - TIAAA-CREF Bond Plus Fund |
| TIAA-CREF Funds - TIAA-CREF Bond Fund |
| TIAA-CREF Funds - TIAA-CREF Bond Index Fund |
| TIAA-CREF Funds - TIAA-CREF Bond Plus Fund |

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Movant Plaintiff Name |
|---|
| TIAA-CREF Funds - TIAA-CREF Enhanced Large-Cap Value |
| TIAA-CREF Funds - TIAA-CREF Equity Index Fund |
| TIAA-CREF Funds - TIAA-CREF Growth & Income Fund |
| TIAA-CREF Funds - TIAA-CREF Large-Cap Value Fund |
| TIAA-CREF Funds - TIAA-CREF Large-Cap Value Index Fund |
| TIAA-CREF Funds - TIAA-CREF Mid-Cap Value Fund |
| TIAA-CREF Funds - TIAA-CREF S&P 500 Index Fund |
| TIAA-CREF Funds - TIAA-CREF Short-Term Bond Index Fund |
| TIAA-CREF Life Funds - TIAA-CREF Life Bond Fund |
| TIAA-CREF Life Funds - TIAA-CREF Life Growth & Income Fund |
| TIAA-CREF Life Funds - TIAA-CREF Life Large-Cap Value Fund |
| TIAA-CREF Life Funds - TIAA-CREF Life Stock Index Fund |
| TIAA-CREF Life Insurance Company |
| TIAA-CREF Separate Account Variable Annuity-1 - TIAA Stock Index Account |
| Tocqueville Asset Management |
| TPSF - EQP (JENN) |
| Trust Company of the Ozarks |
| Trust Company of Vermont |
| Trust Sourcing Solutions, LLC |
| UBISICAVGLOBALMSCI |
| UBISICAVUSCORE |
| United Southern Bank |
| Universities Superannuation Scheme |
| US IG Corporate Bond (JPY Hedged) Fund, a Series Trust of Cayman World Invest Trust - SHINCORP |

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

| **Movant Plaintiff Name** |
|---|
| US IG Intermediate Corporate Bond (JPY Hedged) Fund, a Series Trust of Cayman World Invest Trust - SHININT |
| Vantage Casualty Insurance Company - VANTAGE |
| Vantage Consulting Group Inc. (fka Locus Analytics) |
| Vassar Investors, LLC |
| Verizon Transition Account - VZTRANS |
| Versicherungskammer Bayern - BayernInvest Alternative Loan-Fonds |
| VGE III Portfolio Ltd |
| Viking Global Equities II LP |
| Viking Global Equities LP |
| Viking Global Opportunities Liquid Portfolio Sub-Master LP |
| Viking Long Fund Master Ltd. |
| VIRGINIA529 VS ING CUSTODY MV |
| Voya General Accounts |
| Voya Third Party |
| Waukesha State Bank Wealth Management |
| Wealthspire Advisors LLC |
| Wellington Management Company |
| Wells Fargo & Company Master Pension Trust |
| West Palm Beach Firefighters' Pension Fund |
| Westwood Trust |
| Williams Jones Wealth Management, LLC |
| Wipfli Financial Advisors, LLC |
| Woodley Farra Manion Portfolio Management, Inc. |
| Woodstock Corporation |

| Movant Plaintiff Name |
| --- |
| XT USA Fund of Invesco Asset Management LTD |
| Yarbrough Capital, LLC |
| Zabia Colovos Gift Trust |
| Zeke Capital Advisors, LLC |
| ZWJ Investment Counsel |

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28