UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE PG&E CORPORATION SECURITIES LITIGATION | Case No.   5:18-cv-03509-EJD<br><br>**ORDER DENYING MOTION TO ENFORCE PSLRA STAY**<br><br>Re: ECF Nos. 294, 297 |

Federal securities cases typically follow the well-traveled procedural path laid out by the Private Securities Litigation Reform Act (PSLRA).  A case begins when the first plaintiff files a complaint, usually followed by several other plaintiffs filing similar complaints.  In order to manage this multitude of suits, the courts will then consolidate every suit into a single case before appointing a lead plaintiff to oversee that consolidated case.  The lead plaintiff subsequently conducts further investigation before filing an amended complaint.  And almost inevitably, a motion to dismiss follows.  This motion automatically stays all discovery under the PSRLA.  15 U.S.C. § 78u-4(b)(3)(B).  Only if the amended complaint ultimately survives the motion to dismiss does discovery open and litigation proceed as usual.

While this matter started as a typical federal securities case, it soon veered off the beaten path.  Partway into this litigation, two of the Defendants—PG&E Corporation and Pacific Gas and Electric Company (collectively, PG&E)—filed for bankruptcy.  ECF No. 103.  The bankruptcy automatically stayed these proceedings as to PG&E, and Plaintiffs were required to pursue their securities claims against PG&E in bankruptcy court.  Meanwhile, this case continued here in

Case No.: 5:18-cv-03509-EJD
ORDER DEN. MOT. TO ENFORCE PSLRA STAY
1

district court against the remaining Defendants (the District Defendants)—certain of PG&E's officers and directors as well as underwriters. So, unlike the normal case where all relevant defendants are parties to a single case before a single court, Defendants here are split between two courts. Further complicating matters, the securities claims asserted against PG&E in bankruptcy court and those asserted against the District Defendants here are at different procedural stages. The bankruptcy court already ruled that claims against PG&E could survive the bankruptcy equivalent of a motion to dismiss while the District Defendants' motions to dismiss in this matter are still pending.

All this is to say that the Court and the parties find themselves in an unusual situation. Discovery into Plaintiffs' securities claims is moving forward in bankruptcy court. Yet, the PSLRA is currently staying discovery in this case even though the same Plaintiffs are involved both here and in bankruptcy, and the substance of the claims here is identical to that of the claims in bankruptcy court. Understandably, this mismatch in discovery status has created some friction. In the bankruptcy proceedings, Plaintiffs have issued a subpoena seeking documents from the Underwriter Defendants, who are parties in this case but not in bankruptcy. In response, the Underwriter Defendants have filed a motion in these proceedings for a protective order enforcing the PSLRA stay. ECF No. 294. Effectively, the Underwriter Defendants ask this Court to quash the bankruptcy subpoena. The Court has no authority to do so.

The parties discuss two potential sources of authority that could permit this Court to essentially quash another federal court's subpoena: Federal Rule of Civil Procedure 45 and the PSLRA.

Rule 45(d) specifically authorizes "the court for the district where compliance is required" to enforce, modify, or quash a subpoena. The Underwriter Defendants, however, disclaim that they rely on Rule 45 in their motion. ECF No. 301 at 1. The Court takes them at their word and does not treat their motion as invoking any authority under Rule 45.[1]

---

[1] For this reason, the Court also **DENIES** Plaintiffs' cross-motion to transfer this issue to the bankruptcy court under Rule 45(f).

Case No.: 5:18-cv-03509-EJD
ORDER DEN. MOT. TO ENFORCE PSLRA STAY

2

That leaves the PSLRA, which authorizes the Court to "stay discovery proceedings in any private action in a State court, as necessary in aid of its jurisdiction, or to protect or effectuate its judgments, in an action subject to a stay of discovery pursuant to [the PSLRA]." 15 U.S.C. § 78u-4(b)(3)(D). The problem for the Underwriter Defendants is that the PSLRA authorizes the Court to act only with respect to proceedings in "*State* court." *Id.* (emphasis added). The bankruptcy court is a federal court, meaning the PSLRA does not authorize this Court to interfere with discovery in the bankruptcy court.

Thwarted by the PSLRA's plain language, the Underwriter Defendants turn to policy by arguing that the same concerns animating restrictions on discovery in state courts apply equally to federal bankruptcy courts. But policy does not trump text when interpreting the federal securities laws. *Slack Techs., LLC v. Pirani*, 598 U.S. 759, 769–70 (2023).

To the extent that the Underwriter Defendants believe the PSLRA stay in this case should also extend to the bankruptcy proceedings, they must raise that argument in the bankruptcy court. *See In re Enron Corp.*, 281 B.R. 836 (Bankr. S.D.N.Y. 2002) (bankruptcy court deciding in the first instance whether the PSLRA stay applies to limit discovery in bankruptcy proceedings). This Court does not have the power to unilaterally extend the stay into parallel federal proceedings.

The Court **DENIES** the motion for protective order.

**IT IS SO ORDERED.**

Dated: March 14, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-03509-EJD
ORDER DEN. MOT. TO ENFORCE PSLRA STAY

3