**LABATON KELLER SUCHAROW LLP**
THOMAS A. DUBBS (*pro hac vice*)
MICHAEL P. CANTY (*pro hac vice*)
THOMAS G. HOFFMAN, JR. (*pro hac vice*)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: tdubbs@labaton.com
mcanty@labaton.com
thoffman@labaton.com

*Counsel for Lead Plaintiff the Public Employees Retirement Association of New Mexico and Lead Counsel for the Class*

**ADAMSKI, MORISKI, MADDEN, CUMBERLAND & GREEN LLP**
JAMES M. WAGSTAFFE (#95535)
6633 Bay Laurel Place
Avila Beach, CA 93424
Telephone: (805) 543-0990
Facsimile: (805) 543-0980
wagstaffe@ammcglaw.com

*Liaison Counsel for Lead Plaintiff the Public Employees Retirement Association of New Mexico and the Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE PG&E CORPORATION SECURITIES LITIGATION | Civil Action No. 5:18-cv-03509-EJD<br><br>[~~PROPOSED~~] FINAL ORDER AND JUDGMENT<br><br>*** AS MODIFIED *** |

WHEREAS:

A. As of December 31, 2025, Court-appointed Lead Plaintiff Public Employees Retirement Association of New Mexico ("Lead Plaintiff" or "PERA"), York County on behalf of

the County of York Retirement Fund, City of Warren Police and Fire Retirement System, and Defined Benefit Plan of the Mid-Jersey Trucking Industry and Teamsters Local 701 Pension and Annuity Fund (collectively, with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and members of the proposed Settlement Class (as defined herein), on the one hand, and (i) Anthony F. Earley, Jr., Geisha J. Williams, Nickolas Stavropoulos, Julie M. Kane, Christopher P. Johns, Patrick M. Hogan, David S. Thomason, and Dinyar B. Mistry ("Officer Defendants"); (ii) Barbara L. Rambo, Lewis Chew, Fred J. Fowler, Richard C. Kelly, Roger H. Kimmel, Richard A. Meserve, Forrest E. Miller, Maryellen C. Herringer, Barry Lawson Williams, Rosendo G. Parra, Anne Shen Smith, and Eric D. Mullins ("Director Defendants"); (iii) Barclays Capital Inc., BNP Paribas Securities Corp., Morgan Stanley & Co. LLC, MUFG Securities America, Inc. f/k/a Mitsubishi UFJ Securities (USA), Inc., The Williams Capital Group, L.P., Citigroup Global Markets, Inc., J.P. Morgan Securities, LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Mizuho Securities USA LLC, Goldman, Sachs & Co., LLC, RBC Capital Markets, LLC, Wells Fargo Securities, LLC, BNY Mellon Capital Markets, LLC, TD Securities (USA) LLC, C.L. King & Associates, Inc., Great Pacific Securities, CIBC World Markets Corp., SMBC Nikko Securities America, Inc., U.S. Bancorp Investments, Inc., Mischler Financial Group, Inc., Blaylock Van, LLC, Samuel A. Ramirez & Company, Inc., and MFR Securities, Inc. ("Underwriter Defendants");[1] and (iv) PG&E Corporation and Pacific Gas and Electric Company (together, "PG&E," the "Company," "Debtors," and "Reorganized Debtors"), on the other hand, entered into a Stipulation and Agreement of Settlement (the "Settlement Agreement" or "Stipulation") in the above-captioned action (the "Class Action");

B. Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered February 26, 2026 (the "Preliminary Approval Order"), the Court scheduled a hearing for August 25, 2026, at 9:00 a.m. (the "Settlement Hearing") to, among other things: (i)

[1] The Officer Defendants, Director Defendants, and Underwriter Defendants are the "District Court Defendants."

determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate, and should be approved by the Court; and (ii) determine whether a judgment, as provided for in the Settlement Agreement, should be entered;

C. The Court ordered that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice"), Proof of Claim and Release form ("Class Settlement Claim Form"), and Postcard Notice, substantially in the forms attached to the Preliminary Approval Order as Exhibits 1, 2, and 4, respectively, be provided to potential Settlement Class Members who could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over the *PR Newswire*;

D. The notices advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The notices further advised that any objections to the Settlement were required to be filed with the Court on or before July 6, 2026;

E. The provisions of the Preliminary Approval Order as to notice were complied with;

F. On June 19, 2026, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on August 25, 2026, at which time all interested Persons were afforded the opportunity to be heard; and

G. This Court has duly considered Lead Plaintiff's motion, the affidavits, declarations, memoranda of law submitted in support thereof, the Settlement Agreement, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates and makes a part hereof: (i) the Settlement Agreement filed with the Court on January 10, 2025; and (ii) the Notice, Postcard Notice, and Summary

Notice, which were filed with the Court on June 19, 2026. Capitalized terms not otherwise defined in this Judgment shall have the meaning set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Class Action, over all parties to the Class Action, including all Settlement Class Members, and over the Reorganized Debtors, as a non-party to the Class Action, only for purposes of, and only to the extent necessary for, preliminary and final approval of the Settlement pursuant to Fed. R. Civ. P. 23 and construing, enforcing and administering the Settlement, which shall in no way limit the jurisdiction of the Bankruptcy Court, including, but not limited to, all matters arising under, arising in, or related to the Chapter 11 Cases.

3. There have been no objections to the Settlement.

4. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities who or which purchased or otherwise acquired PG&E Securities during the Class Period and that Plaintiffs alleged were damaged thereby, including but not limited to those who purchased in or traceable to the following Note Offerings: (i) April 2018 Offering, 3.95% Notes due 12/1/2047(CUSIP694308HY6); (ii) April 2018 Offering, 3.3% Notes due 12/1/2027 (CUSIP 694308HW0); (iii) December 2016 and March 2017 Offerings, 4% Notes due 12/1/2046 (CUSIP 694308HR1); (iv) March 2017 Offering, 3.3% Notes due 3/15/2027 (CUSIP 694308HS9); and (v) March 2016 Offering, 2.95% Notes due 3/1/2026 (CUSIP 694308HP5). Excluded from the Settlement Class are: (i) the Released PG&E Parties; (ii) members of the immediate families of the Individual Defendants; (iii) any officer, director, control person, or subsidiary of PG&E Corporation and/or Pacific Gas and Electric Company during the Class Period; (iv) any person or entity who would otherwise be a member of the Settlement Class, but has previously released their securities claims against the District Court Defendants and/or Reorganized Debtors; (v) any firm, trust, corporation, or other entity in which any Released PG&E Party has or had a controlling interest; (vi) the Released PG&E Parties' liability insurance carriers, and any

affiliates or subsidiaries thereof; (vii) the parents, affiliates, or subsidiaries of the Underwriter Defendants; and (viii) the legal representatives, affiliates, subsidiaries, heirs, successors-in-interest, predecessors, or assigns of any such excluded person or entity, in their respective capacities as such. Any Investment Vehicle, as defined in the Settlement Agreement, shall not be excluded from the Settlement Class. Also excluded from the Settlement Class are those Persons who have timely and validly sought exclusion from the Settlement Class. The single request for exclusion allowed by the Court is listed in the annexed Exhibit A.

5. Pursuant to Fed. R. Civ. P. 23, and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally appoints Lead Plaintiff Public Employees Retirement Association of New Mexico as Class Representative for the Settlement Class, and finally appoints the law firm of Labaton Keller Sucharow LLP as Class Counsel for the Settlement Class.

6. The Court finds that the dissemination of the Notice, Postcard Notice, Summary Notice, and Class Settlement Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the Plan of Allocation, of Lead Counsel's request, on behalf of Plaintiffs' Counsel, for an award of attorney's fees and payment of expenses incurred in connection with the prosecution of the Class Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), and Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), both as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

7. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, the Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length between experienced counsel and assisted by an experienced mediator; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

8. The Fourth Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws, ECF Nos. 322-323, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Settlement Agreement.

9. The Court finds that during the course of the Class Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10. Upon the Settlement Agreement Effective Date, Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, predecessors, successors, and assigns, in their respective capacity as such, shall be deemed to have fully, finally, and forever compromised, settled, released, relinquished, waived, resolved, discharged, and dismissed each and every one of the Released Plaintiff Claims (including, without limitation, Unknown Claims)

against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiff Claims directly or indirectly against any and all of the Released Defendant Parties, regardless of whether such Settlement Class Member has submitted a Class Settlement Claim Form in connection with this Settlement. Claims to enforce the terms of the Settlement Agreement are not released.

11. Upon the Settlement Agreement Effective Date, the Released PG&E Parties, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, predecessors, successors, and assigns, in their respective capacity as such, shall be deemed to have fully, finally, and forever compromised, settled, released, relinquished, waived, resolved, discharged, and dismissed each and every one of the Released Defendant Claims (including, without limitation, Unknown Claims) against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendant Claims directly or indirectly against any and all of the Released Plaintiff Parties. Claims to enforce the terms of the Settlement Agreement or claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court are not released.

12. Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Class Settlement Claim Form, and any Settlement Class Member's successor(s) and assign(s), is bound by this Judgment, including, without limitation, the release of all Released Plaintiff Claims against the Released Defendant Parties, as set forth in the Settlement Agreement.

13. This Judgment and the Settlement Agreement, whether or not consummated, and whether or not approved, and any discussion, negotiation, proceeding, or agreement relating to the Settlement Agreement, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an

action to enforce the terms hereof. In addition, this Judgment and the Settlement Agreement, and any of their terms, may not be used by any Person or any Settlement Class Member who elects to exclude themselves from the Settlement Class against or to the prejudice of the Parties or their respective counsel and is not admissible with respect to any claims of such Person or Settlement Class Members. In particular, the Judgment and Settlement Agreement:

(a) do not constitute, and shall not be offered or received against or to the prejudice of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by the Released Defendant Parties with respect to the truth of any allegation by Plaintiffs and the Settlement Class, or the validity of any claim or the deficiency of a defense that has been or could have been asserted in the Class Action, the Chapter 11 Cases, or in any litigation, including but not limited to the Released Plaintiff Claims, or of any liability, damages, negligence, fault or wrongdoing of the Released Defendant Parties or any person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Released Defendant Parties, or against or to the prejudice of Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Settlement Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of the Released Defendant Parties, Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement;

(d) do not constitute, and shall not be construed against the Released Defendant Parties, Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Fourth Amended Complaint would not have exceeded the Settlement Amount.

14. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

15. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

16. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

17. The Parties are hereby directed to consummate the Settlement Agreement and to perform its terms.

18. A separate order shall be entered regarding Lead Counsel's motion, on behalf of all Plaintiffs' Counsel, for an award of attorneys' fees and payment of expenses. A separate order shall be entered regarding the Plan of Allocation set forth in the Notice. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Nothing in this Judgment is intended to or shall foreclose the District Court Defendants' alleged rights, if any, to indemnification and/or advancement of attorney's fees and payment of expenses.

19. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) hearing and determining applications for attorneys' fees, costs, interest and payment of expenses in the Class Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

The Parties shall file a post-distribution accounting in accordance with this District's Procedural Guidance for Class Action Settlements within 21 days after the distribution of settlement funds and payment of attorneys' fees.

The Court sets a compliance deadline hearing on **June 10, 2027, at 9:00 a.m.** to verify timely filing of the post-distribution accounting.

Dated: August 25, 2026

HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

1. Godan P. Nambudiripad, Burnsville, MN (Request No. 9)