**LABATON KELLER SUCHAROW LLP**
THOMAS A. DUBBS (*pro hac vice*)
MICHAEL P. CANTY (*pro hac vice*)
THOMAS G. HOFFMAN, JR. (*pro hac vice*)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: tdubbs@labaton.com
mcanty@labaton.com
thoffman@labaton.com

*Counsel for Lead Plaintiff the Public Employees Retirement Association of New Mexico and Lead Counsel for the Class*

**ADAMSKI, MORISKI, MADDEN, CUMBERLAND & GREEN LLP**
JAMES M. WAGSTAFFE (#95535)
6633 Bay Laurel Place
Avila Beach, CA 93424
Telephone: (805) 543-0990
Facsimile: (805) 543-0980
wagstaffe@ammcglaw.com

*Liaison Counsel for Lead Plaintiff the Public Employees Retirement Association of New Mexico and the Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE PG&E CORPORATION SECURITIES LITIGATION | Civil Action No. 5:18-cv-03509-EJD<br><br>[~~PROPOSED~~] ORDER AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES, AND PSLRA AWARD |

**WHEREAS**:

A. On August 25, 2026, a hearing having been held before this Court to determine, among other things, whether and in what amount to award (1) Plaintiffs' Counsel in the above-captioned consolidated securities class action (the "Class Action") attorneys' fees and Litigation Expenses and (2) Lead Plaintiff its costs and expenses (including lost wages), pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA");

B. It appearing that notices of the hearing substantially in the forms approved by the Court were mailed or emailed to all reasonably identifiable Settlement Class Members; and that a summary notice of the hearing, substantially in the form approved by the Court, was published in *The Wall Street Journal* and transmitted over *PR Newswire*; and

C. The Court having considered all matters submitted to it at the hearing and otherwise, and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. All capitalized terms used herein have the meanings set forth and defined in the Stipulation and Agreement of Settlement, dated as of December 31, 2025 (the "Settlement Agreement").

2. The Court has jurisdiction over the subject matter of the Class Action, over all parties to the Class Action, including all Settlement Class Members who have not otherwise validly requested exclusion, Plaintiffs' Counsel, the Claims Administrator, and over the Reorganized Debtors, as a non-party to the Class Action, only for purposes of, and only to the extent necessary for, preliminary and final approval of the Settlement pursuant to Fed. R. Civ. P. 23 and construing, enforcing and administering the Settlement, which shall in no way limit the jurisdiction of the Bankruptcy Court, including, but not limited to, all matters arising under, arising in, or related to the Chapter 11 Cases.

3. Notice of Lead Counsel's motion, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) and Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), both as amended by the PSLRA; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4. There have been no objections to the request for attorneys' fees and expenses.

5. Lead Counsel is hereby awarded, on behalf of Plaintiffs' Counsel, attorneys' fees in the amount of $21,000,000, plus interest at the same rate earned by the Settlement Fund, *i.e.*, 21% of the Settlement Fund, and payment of expenses in the amount of $4,432,711.53, plus accrued interest, which sums the Court finds to be fair and reasonable.

6. Lead Plaintiff Public Employees Retirement Association of New Mexico is hereby awarded $22,970 from the Settlement Fund, pursuant to the PSLRA, as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

7. The award of attorneys' fees and Litigation Expenses may be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Settlement Agreement, which terms, conditions, and obligations are incorporated herein.

8. In making this award of attorneys' fees and payment of expenses, the Court has analyzed the factors considered within the Ninth Circuit and found that:

(a) The Settlement has created a substantial common fund of $100 million in cash and numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of counsel;

(b) The requested attorneys' fees and expenses have been reviewed and approved as fair and reasonable by each of the Plaintiffs, which are sophisticated institutional investors that were directly involved in the prosecution and resolution of the Class Action and which have a substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

(c) The Class Action involved highly complex factual and legal issues and, in the absence of settlement, would have led to lengthy proceedings whose resolution was uncertain;

(d) Plaintiffs' Counsel conducted the Class Action and achieved the Settlement with skillful and diligent advocacy;

(e) Plaintiffs' Counsel undertook the Action on a contingent basis and any fee and expense award has been contingent on the result achieved;

(f) Plaintiffs' counsel have devoted more than 60,000 hours, with a lodestar value of $45,882,048.75, to achieve the Settlement;

(g) The amount of attorneys' fees requested is fair and reasonable and lower than the Ninth Circuit benchmark, as well as fee awards approved in cases within the Ninth Circuit with similar recoveries; and

(h) Notice was disseminated to Settlement Class Members stating that Lead Counsel, on behalf of Plaintiffs' Counsel, would be seeking 25% of the Settlement Fund, and litigation expenses not to exceed $5,715,000, plus interest, and there were no objections to the application for attorneys' fees or expenses.

9. Any appeal or challenge affecting this Court's approval of the attorneys' fees, expenses, or awards to Plaintiffs, shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

10. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Settlement Agreement, this order shall be rendered null and void to the extent provided by the Settlement Agreement and

shall be vacated in accordance with the Settlement Agreement.

**SO ORDERED** this 25th day of August 2026.

THE HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE